IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **FRANKLIN CONSTRUCTION GROUP, LLC,**<br><br>　　Plaintiff,<br><br>v.<br><br>**WILLIAM SHORE, JWSC, LLC, KEITH MEADOWS, JOSEPH HEATH, HYDS INC., DEAN BINGHAM, LUNDON JOHNSON, TYLER WEBER, JOEL CHEVRETTE, DANNY KNOWLES, SCOTT MATTHEWS and LOWE'S HOME CENTERS, LLC**<br><br>　　Defendants. | Case No. 3:24-cv-01255<br><br>District Judge Crenshaw<br>Magistrate Judge Frensley<br><br>**JURY DEMAND** |

### BRIEF AND MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JOEL CHEVRETTE'S MOTION TO DISMISS

Comes now Defendant, Joel Chevrette ("Chevrette"), by and through the undersigned counsel, pursuant to Rule 12(b)(2) of the *Federal Rules of Civil Procedure* and applicable law discussed herein, and hereby submits this Brief and Memorandum of Law in support of his Motion to Dismiss.

### INTRODUCTION

Plaintiff, Franklin Construction Group, LLC ("FCG"), has filed this lawsuit alleging that Chevrette – collectively with other named Defendants – participated in an elaborate scheme and conspiracy to defraud Plaintiff out of millions of dollars. Plaintiff's Complaint and the various causes of action asserted therein are based on alleged RICO violations, fraud and conspiracy. However, Plaintiff's Complaint, particularly as it relates to Chevrette, contains nothing more than

vague, general allegations against all "Lowe's Individual Defendants" without identifying the specific "who, what, when, where and how" facts of the conduct alleged against Chevrette. Not once in the entire Complaint does Plaintiff provide any specific factual allegation to support any claim or cause of action against Chevrette, nor any basis upon which to sue Chevrette in Tennessee.

For this Court to exercise personal jurisdiction over Chevrette, due process requires Plaintiff to prove that Chevrette had continuous and systematic contacts with Tennessee; or, that Chevrette purposefully availed himself to the privileges of conducting activities in Tennessee and that Plaintiff's claims arose from those activities. However, Chevrette is a citizen and resident of North Carolina and he was a citizen and resident of North Carolina at all material times and on all dates alleged in the Complaint. Chevrette does not work, live nor conduct any business in the State of Tennessee and he has not directed any activities towards Plaintiff in Tennessee. In fact, Chevrette's only contact or connection to Tennessee stems from a family vacation in the summer of 2022 when he visited Gatlinburg. Accordingly, for the reasons set forth herein and those contained in the related pleadings, this Court should dismiss the claims against Chevrette for lack of personal jurisdiction.

## FACTS

The above-styled case is a claim for damages as a result of an alleged elaborate fraud scheme and conspiracy to defraud FCG out of millions of dollars. (see generally, *Complaint*). FCG describes itself as a construction company doing business in Middle Tennessee. (*Complaint*, ¶ 7). FCG alleges that Defendant William Shore ("Shore") – while employed by FCG as a VP of Construction Operations – concocted a scheme to funnel money from FCG to himself, through

2

Case 3:24-cv-01255    Document 69    Filed 01/15/25    Page 2 of 14 PageID #: 469

what is alleged to be an "illicit kickback scheme." (*Complaint*, ¶ 2). Furthermore, FCG alleges that Shore conspired with the "Lowe's Individual Defendants," which allegedly includes Chevrette, to defraud FCG by artificially inflating the price of materials and diverting certain materials to various "secret side projects" of Shore, while invoicing FCG for the same. (*Complaint*, ¶ 3-5). The events giving rise to this litigation are alleged to have occurred between September 2021 through September 2023. (*Complaint*, ¶ 35-36).

As noted above, FCG's Complaint makes vague and conclusory allegations against the "Lowe's Individual Defendants" without providing any specific factual allegations against Chevrette or that would link Chevrette's alleged conduct or activity to Tennessee, thereby establishing personal jurisdiction. In conclusory fashion, FCG alleges that the "Lowe's Individual Defendants" purposefully availed themselves of the privilege of acting in Tennessee by conspiring with Shore and by operating on behalf of Lowe's to provide services and ship goods to FCG. (*Complaint*, ¶ 29). Without providing any specific facts, and again in conclusory fashion, FCG alleges that its causes of action against the "Lowe's Individual Defendants" arise from activities in and directed toward FCG and the State of Tennessee; and that the harm which resulted from the alleged activities was experienced by FCG in Tennessee. (*Complaint*, ¶ 29).

However, as set forth in the Declaration of Joel Chevrette, he had no contact or dealings with FCG and no contacts whatsoever with Tennessee. Particularly, Chevrette is and was at all material times a citizen and resident of Union County, North Carolina. (*Declaration of Joel Chevrette*, ¶ 4). From 2021 through 2023, Chevrette was employed by Lowe's as a "Pro Sales Manager" and he worked out of the Charlotte, North Carolina market. (*Declaration of Joel Chevrette*, ¶ 5). His territory included sixteen (16) Lowe's stores located in the greater Charlotte

3

area. (*Id.*).

As a Lowe's Pro Sales Manager, Chevrette had no customers or accounts located in the State of Tennessee. (*Declaration of Joel Chevrette*, ¶ 7). Rather, Chevrette was assigned to customer accounts in his geographic location and territory, that being the greater Charlotte, North Carolina area. (*Declaration of Joel Chevrette*, ¶ 6). During his time as a Pro Sales Manager, Chevrette did not travel to Tennessee for any business purpose or customer meeting and he did not have any job duties in Tennessee. (*Declaration of Joel Chevrette*, ¶ 8, 9). Likewise, as a Pro Sales Manager for Lowe's, Chevrette did not call on customers in the State of Tennessee, nor attempt to solicit business from customers in Tennessee. (*Declaration of Joel Chevrette*, ¶ 10). Simply put, Chevrette did not conduct any business in Tennessee. (*Declaration of Joel Chevrette*, ¶ 9). Importantly, during his time as a Pro Sales Manager for Lowe's, FCG was never a customer or account that was assigned to Chevrette and he therefore had no business dealings with them. (*Declaration of Joel Chevrette*, ¶ 12).

From 2021 through 2023, which includes the timeframe for which the events giving rise to this litigation are alleged to have occurred, Chevrette had only been to the State of Tennessee on one occasion and it was in the summer of 2022 when he and his family went to Gatlinburg for vacation. (*Declaration of Joel Chevrette*, ¶ 11). In addition, to further show and establish Chevrette's lack of contacts with Tennessee, he does not own or rent any real property in Tennessee, nor does he rent a home or office in Tennessee. (*Declaration of Joel Chevrette*, ¶ 13, 14). Moreover, Chevrette does not have a bank account or personal property in Tennessee and he does not pay any taxes to the State of Tennessee. (*Declaration of Joel Chevrette*, ¶ 15, 16). Accordingly, this Court lacks personal jurisdiction over Chevrette and the Complaint against him

should be dismissed.

## LAW AND ARGUMENT

**1.   Joel Chevrette is entitled to dismissal based on the lack of personal jurisdiction.**

As a threshold matter, the court must have personal jurisdiction over Chevrette in order to proceed against him in any cause of action. In a diversity action, the law of the forum state dictates whether personal jurisdiction exists, subject to constitutional limitations. *Simplex Healthcare, Inc. v. Marketlinkx Direct, Inc.*, 761 F.Supp.2d 726, 729 (M.D. Tenn. Jan. 25, 2011) (internal citations omitted). A federal court has personal jurisdiction over a defendant if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process. *Field v. Graffagnino*, 514 F.Supp.2d 1036, 1040 (W.D. Tenn. 2007) (citing *Michigan Coalition of Radioactive Material Users, Inc.*, 954 F.2d 1174, 1176 (6th Cr. 1992)). The long-arm statute of Tennessee extends the personal jurisdiction of Tennessee courts to the full limit allowed by due process under the United States Constitution. *Id*. (citing *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 477 (6th Cir. 2003)).

Accordingly, the court must determine whether exercising personal jurisdiction over the defendant is consistent with federal due process requirements. *Bridgeport*, 327 F.3d at 477. The Due Process Clause of the United States Constitution imposes one overriding requirement on a court seeking to exercise jurisdiction over a non-resident defendant – that being there must exist "certain minimum contacts between the defendant and the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316-17 (1945). The minimum contacts must

proximately result from actions by the defendant that create a "substantial connection" with the forum state. *Asahi Metal Indus. Co. v. Super. Ct.*, 480 U.S. 102, 109 (1987). A defendant's "conduct and connection with the forum state must be such that the defendant should reasonably anticipate being hauled into court there." *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980). When personal jurisdiction is challenged, the plaintiff bears the burden of proving that a sufficient relationship exists between the defendant and Tennessee to justify the exercise of personal jurisdiction. *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005).

Personal jurisdiction over a non-resident defendant may be either "general" or "specific." *Field* at 1040. Here, FCG has failed to allege any facts demonstrating – under either general or specific jurisdiction – that Chevrette's relationship with Tennessee is sufficient to justify this Court's exercise of personal jurisdiction over him. *See Watkins v. Kajima Intern. Corp.*, 2010 WL 3491172 (M.D. Tenn. Sept. 1, 2010) (granting defendants' motion to dismiss for lack of personal jurisdiction because the amended complaint failed to contain the "who, when, what or where of any specific contact" by any defendants within the State of Tennessee).

In *Watkins*, this Court pointed out that the amended complaint did not mention any of the defendants by name following their identification in the "parties" section of the amended complaint. *Watkins* at * 2. Instead, the *Watkins* Court noted that the amended complaint included only "bare-bones conclusory allegations" that it generally applied to "all defendants collectively." *Id*. Like the plaintiff in *Watkins*, FCG here is attempting to lump Chevrette in with the other named defendants with only conclusory and bare-bone allegations. However, based on the authority cited herein and the Declaration filed by Chevrette in support of this Motion, no Tennessee court can constitutionally exercise either general or specific jurisdiction over him and

he should be dismissed from this litigation as a matter of law.

### A. "General Jurisdiction" does not exist over Chevrette.

General jurisdiction arises from the defendant's contacts with the forum state and a defendant may be subject to general jurisdiction only when it has "continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims the plaintiff may have against the defendant." *Field* at 1041 (quoting *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997)). In other words, general jurisdiction is only proper where a defendant's contacts are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state. *Id*. (citing *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002)). As stated in the facts above and in the Declaration of Joel Chevrette, he has never maintained "continuous and systematic" contacts with the State of Tennessee.

Simply put, Chevrette is domiciled in Union County, North Carolina. He has been a citizen and resident of North Carolina for the past nineteen (19) years. Chevrette does not live, work nor conduct business in Tennessee and he does not own or maintain any real or personal property in Tennessee. Aside from the one family vacation to Gatlinburg in the summer of 2022, Chevrette did not have any contacts with the State of Tennessee at any point in time between 2021 and 2023. Accordingly, since Chevrette lacks the necessary "continuous and systematic contacts" with Tennessee, general jurisdiction cannot and does not exist.

### B. FCG cannot establish "Specific" personal jurisdiction over Chevrette.

Since there is no basis for the exercise of general jurisdiction over Chevrette, FCG must establish a basis for this Court to exercise "specific" personal jurisdiction. This, however, is

something that FCG cannot do.

Specific jurisdiction arises from a defendant's contacts with the forum state relating to the claims at issue in the cause of action. *Global Force Entertainment, Inc. v. Anthem Sports & Entertainment Corp*, 385 F.Supp.3d 576, 586 (M.D. Tenn. June 24, 2019). Specific jurisdiction may be found when a defendant purposely directs his activities towards citizens of the forum state and litigation results from injuries arising out of or relating to those activities. *Roundtree-Chism v. Dunn*, 2017 WL 2312900 at *3 (E.D. Tenn. May 26, 2017) (citing *Field* at 1041).

The Sixth Circuit has set out a three-part test for determining when specific jurisdiction exists:

> "First, the defendant must purposefully avail itself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Global Force at 586* (citing AlixPartners, LLP v. Brewington, 836 F.3d 543, 549050 (6th Cir. 2016) (quoting *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007)). Importantly, "if any of the three requirements are not met, personal jurisdiction may not be invoked." *Global Force* at 586 (quoting *Miller v. AXA Winterhur Ins. Co.*, 694 F.3d 675, 680 (6th Cir. 2012)). That is to say that "each criterion represents an independent requirement, and failure to meet any one of the three means that personal jurisdiction does not exist." *Id*. (quoting *LAK Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1303 (6th Cir. 1989)).

      i.    **Lack of purposeful availment**.

Purposeful availment is said to be the most important of the three criteria and it is essential to a finding of personal jurisdiction. *See Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106

F.3d 147, 150 (6th Cir. 1997).  Since FCG cannot satisfy this first critical element though, it cannot establish personal jurisdiction over Chevrette.

Reason being, Chevrette has not purposefully directed any activity towards Tennessee, nor to any businesses in Tennessee.  Again, during his time a Pro Sales Manager for Lowe's, Chevrette was assigned to customers and accounts in his hometown of Charlotte, North Carolina.  He did not call on customers in Tennessee, nor solicit business from customers or accounts based in Tennessee. (*Declaration of Joel Chevrette*, ¶ 10).  Rather, Chevrette called on and worked accounts in and around the greater Charlotte area.  FCG alleges, in broad and conclusory fashion, that the individual Lowe's Defendants purposefully availed themselves of the privilege of acting in Tennessee by conspiring with Shore.  What FCG does in its Complaint is simply lump Chevrette in with the other Defendants to suggest that he was part of some grand conspiracy.  However, what FCG has failed to do is to provide any details or specifics as to the what, when, where and how Chevrette participated in the fraud or conspiracy that is alleged throughout the Complaint; and moreover, FCG has failed to allege or establish that Chevrette has purposefully availed himself to the forum state.

Purposeful availment is required to ensure that "random, fortuitous or attenuated" contacts do not cause a defendant to be hauled into a jurisdiction.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).  Chevrette's single contact with Tennessee (a family vacation to Gatlinburg) is wholly unrelated to the present litigation and he has not purposefully availed himself to the privileges of acting or conducting business in Tennessee.  Therefore, Chevrette should not expect to be hauled into Court in Tennessee to defend this action.  For these reasons, FCG cannot satisfy the first prong of the three-part test of specific jurisdiction and

the case should be dismissed as to Chevrette.

> ii. **FCG's claims and causes of action do not arise out of any forum-related activity of Chevrette in Tennessee.**

Even if FCG could show that Chevrette had "purposefully availed" himself of the privilege of doing business in Tennessee – which is cannot show – FCG would still nonetheless be unable to satisfy the second prong of the specific personal jurisdiction criteria. Reason being, the claims of FCG do not arise out of any forum-related or forum-directed activity on the part of Chevrette. FCG – a Tennessee based construction company – was never a customer or account that was assigned to Chevrette during his time as a Pro Sales Manager for Lowe's based in North Carolina. (*Declaration of Joel Chevrette*, ¶ 12). Rather, Chevrette was assigned to customers and accounts in his geographic territory of Charlotte, North Carolina. (*Declaration of Joel Chevrette*, ¶ 5). As such, he had no business dealings whatsoever with FCG. (*Declaration of Joel Chevrette*, ¶ 12).

FCG has failed to allege with the requisite specificity that its claims and causes of action arise from any specific Tennessee related conduct or wrongdoing on the part of Chevrette; or that Chevrette's contacts with the forum state are related to the operative facts of the controversy. Accordingly, since the claims do not arise out of any forum-related activity on the part of Chevrette, dismissal is warranted.

> iii. **It would be unreasonable for this Court to exercise jurisdiction over Chevrette.**

As for the third and final prong of the specific personal jurisdiction criteria, Chevrette avers and would show that it too cannot be satisfied by FCG, as it would not be fair or reasonable to require him to defend this action in Tennessee. When considering whether it is reasonable to exercise personal jurisdiction over a non-resident defendant, a court must consider several

factors, including: (1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the controversy. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1268 (6th Cir. 1996).

In the case at hand, Chevrette would be substantially burdened if he were compelled to litigate this case in Tennessee, considering the fact that he lives and works in North Carolina. Moreover, Chevrette did not commit any of the alleged wrongdoing within the geographical confines of Tennessee, which thus diminishes this State's interest. *See Intera Corp v. Henderson*, 428 F.3d 605, 618 (6th Cir. 2005). In fact, the Complaint is devoid of any allegations against Chevrette that he committed any act or wrongdoing in Tennessee, or that Chevrette directed any activity towards FCG in Tennessee that caused it to suffer any harm. Although FCG may have an interest in obtaining relief, judging from the general conclusory allegations and claims made throughout the Complaint, it appears that FCG's real dispute and point of contention lies with Shore, rather than with Chevrette. For these reasons, and the fact that no acts of Chevrette have a substantial enough connection with the forum state, it would be unreasonable for this Court to exercise personal jurisdiction over Chevrette here in Tennessee. Accordingly, FCG fails to satisfy the third prong of the specific personal jurisdiction test and Chevrette should be dismissed as a matter of law.

## CONCLUSION

Based upon the foregoing, personal jurisdiction over Chevrette does not exist under either the "general" or "specific" jurisdiction analysis and it would be a violation of due process for this Court to exercise jurisdiction over Chevrette in this action. Chevrette respectfully requests that this Court dismiss the Complaint and claims against him for lack of personal

jurisdiction and do so with prejudice and without leave to amend the Complaint.

Respectfully submitted,

**SPICER RUDSTROM, PLLC**

By: /s/ Robert J. Uhorchuk
Robert J. Uhorchuk (BPR #017599)
Nicholas C. Stevens (BPR #030826)
537 Market Street, Suite 203
Chattanooga, TN 37402-1241
Telephone: (423) 756-0262
Facsimile: (423) 756-8489
rju@spicerfirm.com
nstevens@spicerfirm.com
*Counsel for Defendant Joel Chevrette*

Darrick Lee O'Dell (BPR# 026883)
Spicer Rudstrom, PLLC
220 Athens Way, Suite 405
Nashville, TN 37228-1329
Phone: (615) 425-7358
Fax: (615) 259-1522
dodell@spicerfirm.com
*Counsel for Defendant Joel Chevrette*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed this document along with any exhibits with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Todd E. Panther
Christopher C. Sabis
Thomas B. Hall
**SHERRARD ROE VOIGHT & HARBISON, PLC**
150 Third Ave South, Suite 1100
Nashville, TN 37201
tpanther@srvhlaw.com
csabis@srvhlaw.com
*Counsel for Plaintiff*

Don L. Hearn, Jr.
**Glankler Brown, PLLC**
6000 Poplar Avenue, Suite 400
Memphis, TN 38119
dhearn@glankler.com
*Counsel for Defendants HYDS, Inc. and Keith Meadows*

Joseph C. Gjonola
Nadine Alsaadi
Nicholas P. Roxborough
**Roxborough Pomerance Nye & Adreani, LLP**
5900 Canoga Avenue, Suite 450
Woodland Hills, CA 91367
jcg@rpnalaw.com
na@rpnalaw.com
npr@rpnalaw.com
*Counsel for Defendants HYDS, Inc. and Keith Meadows*

Jerry E. Martin
Seth M. Hyatt
Matthew E. McGraw
**Barrett Johnston Martin & Garrison, PLLC**
200 31st Ave. N.
Nashville, TN 37203
jmartin@barrettjohnston.com
shyatt@barrettjohnston.com
mmcgraw@barrettjohnston.com
*Counsel for Defendants HYDS, Inc. and Keith Meadows*

Scarlett S. Nokes
R. Brandon Bunden
**Bradley Arant Boult Cummings, LLP**
1221 Broadway, Suite 2400
Nashville, TN 37203
snokes@bradley.com
bbundren@bradley.com
*Counsel for Defendant Dean Bingham*

Gary C. Shockley
Ryan P. Loofbourrow
Scott D. Carey
**Baker, Donelson, Bearman, Caldwell & Berkowitz, PC**
1600 West End Ave., Suite 2000
Nashville, TN 37203
gshockley@bakerdonelson.com
rloofbourrow@bakerdonelson.com
scarey@bakerdonelson.com
*Counsel for Defendant Lowe's Home Centers, LLC*


This 15th day of January 2025.


                              **SPICER RUDSTROM, PLLC**

By:    */s/ Robert J. Uhorchuk*
         Robert J. Uhorchuk
         Nicholas C. Stevens
         Darrick O'Dell