IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**FRANKLIN CONSTRUCTION GROUP, LLC,**

    Plaintiff,

v.

**WILLIAM SHORE, JWSC, LLC, KEITH MEADOWS, JOSEPH HEATH, HYDS INC., DEAN BINGHAM, LUNDON JOHNSON, TYLER WEBER, JOEL CHEVRETTE, DANNY KNOWLES, SCOTT MATTHEWS and LOWE'S HOME CENTERS, LLC**

    Defendants.

Case No. 3:24-cv-01255

District Judge Crenshaw
Magistrate Judge Frensley

**JURY DEMAND**

## DEFENDANTS LUNDEN JOHNSON AND DANNY KNOWLES' MOTION TO DISMISS

Come now Defendants, Lunden Johnson ("Johnson") and Danny Knowles ("Knowles"), by and through the undersigned counsel, pursuant to Rules 9(b) and 12(b)(6) of the *Federal Rules of Civil Procedure* and applicable law, hereby file with the Court their Motion to Dismiss as follows:

1. Plaintiff, Franklin Construction Group, LLC ("FCG"), filed its Complaint [Doc. 1] against Johnson, Knowles and various other Defendants on October 21, 2024.

2. In the Complaint, FCG seeks damages for what is alleged to be an elaborate fraud scheme, concocted by Defendant William Shore ("Shore"), to defraud FCG out of millions of dollars. (see generally, *Complaint*).

3. Moreover, Plaintiff further alleges – albeit in broad and conclusory terms – that Shore conspired with Defendants to funnel money from FCG to himself; and that the "Lowe's Individual Defendants," which allegedly includes Johnson and Knowles, were complicit in

artificially inflating the price of materials and diverting materials to Shore's side projects, all while invoicing FCG for the same. (*Complaint*, ¶ 2-5).

4. FCG's Complaint includes various claims and causes of action, to include but not limited to alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), conspiracy, fraud, violations of the Tennessee Consumer Protection Act ("TCPA") and conversion. (see *Complaint*, Counts I, II, IX, X and XI).

5. However, rather than taking aim with precision against the alleged wrongdoer, FCG pleads generally against all Defendants, particularly with regard to what it refers to as the "Lowe's Individual Defendants," in an effort to suggest that someone from Lowe's was part of Shore's conspiracy to defraud his employer, FCG.

6. For instance, with regard to the alleged RICO violations and its claim of conspiracy, FCG asserts it claim against "All Defendants" in general. (*see Complaint*, Counts I and II). As for its claims of alleged fraud, TCPA violations and conversion that is said to involve Johnson and Knowles, FCG's Complaint is no more specific, as these causes of action and purported allegations in support of the same are asserted against "Bingham, Chevrette, Johnson, Weber, Knowles and/or Matthews." (*see Complaint*, Counts IX, X and XI). FCG fails to allege facts that specify Johnson's or Knowles' connection to the alleged wrongdoing, but instead makes general and conclusory allegations against all Defendants.

7. Not only that, and more importantly, FCG has failed to make specific, factual allegations against Johnson and Knowles and has failed to state a claim against them upon which relief can be granted, based on the causes of action asserted in this matter.

8. Particularly, the claims and causes of action involving RICO, conspiracy, fraud and

2
Case 3:24-cv-01255   Document 70   Filed 01/15/25   Page 2 of 6 PageID #: 483

the TCPA are all premised upon and based in alleged fraud. Therefore, FCG is required to plead specific facts, particular to each Defendant, specifying the "who, what, when, where and how" of the alleged fraudulent conduct. *See McCoy v. East Tennessee Luxury Coach, LLC*, 2024 WL 4916367 (E.D. Tenn. Nov. 6, 2024); *Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 615 (6th Cir. 2024).

9. However, FCG has failed to articulate its claims and causes of action against Johnson and Knowles with the requisite particularity and specificity. Although FCG has included buzzwords and conclusory statements it its Complaint to try and capture the elements of its causes of action, FCG has failed to set forth sufficient factual averments a required by Rules 9(b), 12(b)(6) and the pertinent legal authority with regard to the causes of action asserted against these Defendants. Therefore, FCG has failed to state a claim against these Defendants upon which relief can be granted for alleged RICO violations, conspiracy, fraud and TCPA violations.

10. As for its conversion claim, that cause of action fails too because FCG has not alleged that any money was entrusted to Johnson or Knowles; nor has FCG alleged that Johnson or Knowles wrongfully acquired or misapplied a definitive sum a money belonging to FCG. Rather, all FCG alleges – again in conclusory fashion – is that it paid Lowe's for materials that might have been unnecessary for its projects or at artificially high prices. As a result, FCG has failed to state a claim against Johnson and Knowles for conversion upon which any relief can be granted and it too should be dismissed.

11. In further support of this Motion, Defendants Johnson and Knowles contemporaneously file their Brief and Memorandum of Law and adopt and incorporate the same herein by reference pursuant to Rule 10(c) of the *Federal Rules of Civil Procedure*.

**WHEREFORE**, premises considered, pursuant to the authority set forth herein and in the accompanying memorandum, Defendants Johnson and Knowles pray that the instant Motion to Dismiss be granted and that Plaintiff's Complaint against them be dismissed with prejudice.

Respectfully submitted,

**SPICER RUDSTROM, PLLC**

By: /s/ Robert J. Uhorchuk
Robert J. Uhorchuk (BPR #017599)
Nicholas C. Stevens (BPR #030826)
537 Market Street, Suite 203
Chattanooga, TN 37402-1241
Telephone: (423) 756-0262
Facsimile: (423) 756-8489
rju@spicerfirm.com
nstevens@spicerfirm.com
*Counsel for Defendants Lunden Johnson,*
*Joel Chevrette and Danny Knowles*

Darrick Lee O'Dell (BPR# 026883)
Spicer Rudstrom, PLLC
220 Athens Way, Suite 405
Nashville, TN 37228-1329
Phone: (615) 425-7358
Fax: (615) 259-1522
dodell@spicerfirm.com
*Counsel for Defendants Lunden Johnson,*
*Joel Chevrette and Danny Knowles*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed this document along with any exhibits with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Todd E. Panther
Christopher C. Sabis
Thomas B. Hall
**SHERRARD ROE VOIGHT & HARBISON, PLC**
150 Third Ave South, Suite 1100
Nashville, TN 37201
tpanther@srvhlaw.com
csabis@srvhlaw.com
*Counsel for Plaintiff*

Don L. Hearn, Jr.
**Glankler Brown, PLLC**
6000 Poplar Avenue, Suite 400
Memphis, TN 38119
dhearn@glankler.com
*Counsel for Defendants HYDS, Inc. and Keith Meadows*

Joseph C. Gjonola
Nadine Alsaadi
Nicholas P. Roxborough
**Roxborough Pomerance Nye & Adreani, LLP**
5900 Canoga Avenue, Suite 450
Woodland Hills, CA 91367
jcg@rpnalaw.com
na@rpnalaw.com
npr@rpnalaw.com
*Counsel for Defendants HYDS, Inc. and Keith Meadows*

Jerry E. Martin
Seth M. Hyatt
Matthew E. McGraw
**Barrett Johnston Martin & Garrison, PLLC**
200 31st Ave. N.
Nashville, TN 37203
jmartin@barrettjohnston.com
shyatt@barrettjohnston.com
mmcgraw@barrettjohnston.com
*Counsel for Defendants HYDS, Inc. and Keith Meadows*

Scarlett S. Nokes
R. Brandon Bunden
**Bradley Arant Boult Cummings, LLP**
1221 Broadway, Suite 2400
Nashville, TN 37203
snokes@bradley.com
bbundren@bradley.com
*Counsel for Defendant Dean Bingham*


Gary C. Shockley
Ryan P. Loofbourrow
Scott D. Carey
**Baker, Donelson, Bearman, Caldwell & Berkowitz, PC**
1600 West End Ave., Suite 2000
Nashville, TN 37203
gshockley@bakerdonelson.com
rloofbourrow@bakerdonelson.com
scarey@bakerdonelson.com
*Counsel for Defendant Lowe's Home Centers, LLC*


This 15th day of January 2025.


                                         **SPICER RUDSTROM, PLLC**

        By:    */s/ Robert J. Uhorchuk*
                  Robert J. Uhorchuk
                  Nicholas C. Stevens
                  Darrick O'Dell