IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**FRANKLIN CONSTRUCTION GROUP, LLC,**

    Plaintiff,

v.

**WILLIAM SHORE, JWSC, LLC, KEITH MEADOWS, JOSEPH HEATH, HYDS INC., DEAN BINGHAM, LUNDON JOHNSON, TYLER WEBER, JOEL CHEVRETTE, DANNY KNOWLES, SCOTT MATTHEWS and LOWE'S HOME CENTERS, LLC**

    Defendants.

Case No. 3:24-cv-01255

District Judge Crenshaw
Magistrate Judge Frensley

**JURY DEMAND**

---

**RESPONSE OF DEFENDANTS LUNDEN JOHNSON AND DANNY KNOWLES TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST WILLIAM SHORE AND JWSC, LLC**

---

Defendants, Lunden Johnson ("Johnson") and Danny Knowles ("Knowles"), by and through the undersigned counsel, pursuant to *Rule 55* of the *Federal Rules of Civil Procedure* and applicable law as discussed herein, and also after filing their own responsive pleadings to the Complaint, their Motion to Dismiss [Doc. 70], now further file this response in opposition to Plaintiff's Motion for Default Judgment against Defendants William Shore ("Shore") and JWSC, LLC ("JWSC") [Doc. 47].

In support of this response, and in opposition to the Motion for Default filed by the Plaintiff, Johnson and Knowles submit the following:

1. Plaintiff, Franklin Construction Group, LLC ("FCG") filed a Complaint involving multiple Defendants and multiple causes of action against and inclusive of the named Defendants [Doc. 1 - Complaint].

2. Plaintiff FCG's Complaint alleges multiple causes of action against multiple Defendants, to include alleged and supposed violations of *Racketeer Influenced and Corrupt Organizations Act*, 18 U.S.C. § 1961, *et seq.*, ("RICO"), civil conspiracy, fraud, violations of the *Tennessee Consumer Protection Act*, Tenn. Code Ann. § 47-18-103, *et seq.* ("TCPA"), conversion, among other causes of action directed upon all Defendants. [Doc. 1 - Complaint, Count I through Count XI].

3. Importantly, based on the allegations in its Complaint, Plaintiff FCG contends that all Defendants are jointly and severally liable for any judgment or relief obtained in this action. [Doc. 1 - Complaint, Prayer for Relief, Para. 2, 3, 5, 6, 7, 8, 9 and 10].

4. Upon review of the procedural posture of this action and the record, certain Defendants have been served, while other Defendants have still yet to be served. In addition, certain Defendants, to include Movants Johnson and Knowles, among others, have filed responsive pleadings or motions to dismiss Plaintiff's Complaint and are, as such, non-defaulting Defendants. [See Doc. 37 - Order Granting Extension of Time for File Responsive Pleading and Doc. 70 - Motion of Johnson and Knowles for Dismissal].

5. Along with Defendants Johnson and Knowles, other Defendants have likewise filed responsive pleadings to the Complaint or motions to dismiss the Complaint [See Doc. 66 - Defendant Lowe's Home Center, Inc.'s Partial Motion to Dismiss and Doc. 68 - Defendant Joel Chevrette's Motion to Dismiss], and are also non-defaulting Defendants.

6. In sum, it is clear from the procedural posture of the case and review of the record, that there are multiple Defendants yet to be served and other Defendants that are non-defaulting Defendants who have filed responsive pleadings to the Complaint, or whose time to file a

responsive pleading to the Complaint has not yet expired. As such, by all appearances, and likely regardless of the outcome of any pending Motions to Dismiss, there will be certain Defendants of the multiple Defendants sued that will be defending this action on the merits, and are not in default in the face of allegations of joint and several liability.

7. Despite the current procedural posture, Plaintiff FCG nonetheless filed a Motion for Default against Defendants Shore and JWSC [Doc. 47].

8. In that Motion, Plaintiff FCG appears to not only request an entry of default by the Clerk pursuant to *Rule 55(a)* of the *Federal Rules of Civil Procedure*, but also appears to request the entry of a default judgment for alleged compensatory damages in a monetary amount of over $8 million, along with treble damages in a monetary amount, against the defaulting Defendants Shore and JWSC.

9. In light of the procedural posture of this case, and the expected defense on the merits of the non-defaulting Defendants, and considering Plaintiff FCG's assertion for joint and several liability, the subject Motion for Default by Plaintiff FCG against Shore and JWSC appears to fall within the *Rules* set forth in *Frow v. De La Vega*, 82 U.S. 552 (1872), which has been summarized by the Sixth Circuit, in *Kimberly v. Coastline Coal Corp.*, No. 87-6199, 1988 WL 93305 (6th Cir. Sept. 9, 1988), and that court stated as follows:

> When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants. If plaintiff loses on the merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants.

*Id*. at *3 (citing *Exquisite Form Industries, Inc. v. Exquisite Fabrics of London*, 378 F. Supp. 403, 416 (1974).

10. As noted by various courts, the rationale for this *Frow* rule is to avoid inconsistent judgments in a case where liability of the Defendants is alleged to be joint or joint and several. *Id.*; see also *State of Ohio v. Breen*, 2018 WL 11312994 (S.D. Ohio November 27, 2018); *Kubinski v. Tuv Rheinland Industrial Solutions, Inc.*, 216 WL 9410553 (E.D. Tenn. 2016); *Charnock v. Anderson*, 215 WL 12683414 (S.D. Ohio July 1, 2015); *Sharp Oakwood Estates, Inc. v. National Condo & Apartment Ins. Group*, 213 WL 12130355 (S.D. Ohio March 19, 2013)(citing 10A *Wright, et al.*), *Federal Practice & Procedure* § 2690 (3rd Ed. 2012).

11. Based on the foregoing authority, and given the allegations in the Complaint of purported joint and several liability among Defendants, Defendants aver that Plaintiff FCG's Motion for Default Judgment against Shore and JWSC for any relief beyond entry of default by the Clerk pursuant to *Rule 55(a)* is premature, inappropriate at this time and should be denied accordingly.

    Respectfully submitted,

    **SPICER RUDSTROM, PLLC**

    By:    */s/ Robert J. Uhorchuk*
            Robert J. Uhorchuk (BPR #017599)
            Nicholas C. Stevens (BPR #030826)
            537 Market Street, Suite 203
            Chattanooga, TN  37402-1241
            Telephone:    (423) 756-0262
            Facsimile:    (423) 756-8489
            rju@spicerfirm.com
            nstevens@spicerfirm.com
            *Counsel for Defendants Lunden Johnson and Danny Knowles*

Darrick Lee O'Dell (BPR# 026883)
Spicer Rudstrom, PLLC
220 Athens Way, Suite 405
Nashville, TN  37228-1329
Telephone: (615) 425-7358
Facsimile: (615) 259-1522
dodell@spicerfirm.com
*Counsel for Defendants Lunden Johnson
and Danny Knowles*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed this document along with any exhibits with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Todd E. Panther, Esq.
Christopher C. Sabis, Esq.
Thomas B. Hall, Esq.
**Sherrard Roe Voight & Harbison, PLC**
150 Third Avenue South, Suite 1100
Nashville, TN 37201-2037
tpanther@srvhlaw.com
csabis@srvhlaw.com
*Counsel for Plaintiff*

Don L. Hearn, Jr., Esq.
**Glankler Brown, PLLC**
6000 Poplar Avenue, Suite 400
Memphis, TN 38119-3955
dhearn@glankler.com
*Counsel for Defendants HYDS, Inc. and Keith Meadows*

Joseph C. Gjonola, Esq.
Nadine Alsaadi, Esq.
Nicholas P. Roxborough, Esq.
**Roxborough Pomerance Nye & Adreani, LLP**
5900 Canoga Avenue, Suite 450
Woodland Hills, CA 91367-5132
jcg@rpnalaw.com
na@rpnalaw.com
npr@rpnalaw.com
*Counsel for Defendants HYDS, Inc. and Keith Meadows*

Jerry E. Martin, Esq.
Seth M. Hyatt, Esq.
Matthew E. McGraw, Esq.
**Barrett Johnston Martin & Garrison, PLLC**
200 31st Avenue, North
Nashville, TN 37203-1205
jmartin@barrettjohnston.com
shyatt@barrettjohnston.com
mmcgraw@barrettjohnston.com
*Counsel for Defendants HYDS, Inc. and Keith Meadows*

Scarlett S. Nokes, Esq.
R. Brandon Bunden, Esq.
**Bradley Arant Boult Cummings, LLP**
1221 Broadway, Suite 2400
Nashville, TN  37203-7238
snokes@bradley.com
bbundren@bradley.com
*Counsel for Defendant Dean Bingham*

Gary C. Shockley, Esq.
Ryan P. Loofbourrow, Esq.
Scott D. Carey, Esq.
**Baker, Donelson, Bearman, Caldwell & Berkowitz, PC**
1600 West End Avenue, Suite 2000
Nashville, TN  37203-3339
gshockley@bakerdonelson.com
rloofbourrow@bakerdonelson.com
scarey@bakerdonelson.com
*Counsel for Defendant Lowe's Home Centers, LLC*

This 15th day of January 2025.

                                           **SPICER RUDSTROM, PLLC**

                                  By:    */s/ Robert J. Uhorchuk*
                                            Robert J. Uhorchuk
                                            Nicholas C. Stevens
                                            Darrick O'Dell