IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FRANKLIN CONSTRUCTION GROUP, LLC,

    Plaintiff,

  v.

WILLIAM SHORE; JWSC, LLC;
KEITH MEADOWS; JOSEPH HEATH;
HYDS INC.; DEAN BINGHAM;
LUNDON JOHNSON; TYLER WEBER
JOEL CHEVRETTE; DANNY KNOWLES;
SCOTT MATTHEWS; and LOWE'S HOME
CENTERS, INC.,

    Defendants.

Civil Action No. 3:24-cv-01255

## DEFENDANT JOSEPH HEATH'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS FRANKLIN CONSTRUCTION GROUP, LLC'S COMPLAINT

COMES NOW, Defendant Joseph Heath ("Defendant" or "Heath"), by and through counsel, and respectfully moves this Court to dismiss Franklin Construction Group, LLC's ("Plaintiff") causes of action against Defendant per Federal Rules of Civil Procedure 12(b)(6):

**I.  INTRODUCTION**

This case is a tell-tale example of a company discovering that one of its former officers, a vice president, had manipulated the company for the entirety of his tenure with them, and immediately resorting to the default assumption that others acted in concert and conspired to defraud the company. In assuming so, Plaintiff makes the most serious of allegations, *inter alia*, violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") against Heath without presenting any specific allegations in support thereof, as the law requires.

The Complaint alleges the following claims against Heath: (1) Violation of Racketeer Influenced and Corrupt Organizations Act 18 U.S.C § 1961, *et seq.,* ("RICO"); (2) Conspiracy; (3) Fraud; (4) Conversion; and (5) Violation of the Tennessee Consumer Protection Act ("TCPA"). All five causes of action against Heath should be dismissed with prejudice pursuant to FRCP 12(b)(6) and 9(b) because they do not meet the pleading standards.

Additionally, Plaintiff's claims all sound in fraud but fail to satisfy Rule 9(b).[1] The essence of Plaintiff's claims against Heath is that he fraudulently "caused invoices to be submitted" to Plaintiff. But the Complaint does not meet the heightened pleading standards for fraud-based claims that require the plaintiff to state the "who, what, when, where, and how" of the alleged fraud. Plaintiff's allegations against Heath here are general and conclusory.

Where the Complaint attempts to allege specific details about invoices and emails between Plaintiff, HYDS, Inc., and Keith Meadows ("Meadows"), not a single instance involved Heath. Instead, the Complaint is a hodgepodge of vague allegations that combine Heath, Meadows, and HYDS, Inc., without any differentiation between the three parties. Even then, Heath is barely mentioned throughout the Complaint and excluded from most of the alleged activities.

It is imperative that Plaintiff distinguish Heath from Meadows as the two individuals had separate and distinct roles at HYDS, Inc., and had completely different interactions with Plaintiff. Regardless of Heath's alleged title at HYDS, Inc., a careful reading of the Complaint reveals that Plaintiff failed to allege Health's involvement in any of its business dealings with HYDS, Inc. Plaintiff's causes of action against Heath are vague, conclusory, and baseless. They reveal Plaintiff's desperate attempt to tie Heath to the lawsuit without regard for the facts. As a result, they should be dismissed.

---

[1] These allegations would not even satisfy the pleading standards of Rule 8, as set forth by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

## II. SUMMARY OF RELEVANT FACTS

Plaintiff Franklin Construction Group is a building and construction company doing business in Middle Tennessee. (Complaint ¶7). Plaintiff hired William Shore ("Shore") as Vice President of residential construction operations on or around November 15, 2020. (*Id*. ¶32). As Vice President of residential construction operations, Shore was responsible for, among other things, budgeting, hiring subcontractors and suppliers, approving invoices from subcontractors and suppliers, and handling the day-to-day operations of the projects he managed for Plaintiff. (*Id*. ¶33).

HYDS, Inc. is a "materials" supplier that supplied certain items for Plaintiff's projects. (*Id*. ¶¶ 37-39). According to the Complaint, Heath was HYDS, Inc.'s CEO, while Meadows was the owner of HYDS, Inc. (*Id*.). "Meadows and/or Heath" allegedly agreed with Plaintiff's Vice President, Shore, that they would pay Shore kickbacks in exchange for Shore approving their prices. (*Id*. ¶ 40).

Plaintiff alleges generally that Heath caused HYDS, Inc. to submit invoices with inflated prices to Plaintiff. (*Id*. ¶¶ 46, 49, 51, 58-60). Interestingly, the Complaint never alleges that Heath paid Shore any kickbacks on the projects.

Plaintiff described a scheme that, if true, is a pay-to-play rule, established by Shore, in order for companies like HYDS, Inc. to be awarded certain projects. Plaintiff failed to explain how it did not notice such obviously inflated prices constantly submitted by HYDS, Inc. for over two years, and only found irregularities after Shore's employment was terminated for bad performance. (*Id*. ¶¶ 25-36). Plaintiff further failed to allege any processes it had in place to review and authorize HYDS, Inc.'s invoices for payment, or whether such processes could have detected Shore's wrongful conduct. As such, Plaintiff has failed to allege reasonable reliance on the invoices submitted by HYDS, Inc.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), Plaintiff's Complaint must be dismissed because the facts pled do not set forth a cognizable legal theory entitling Plaintiff to relief. *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal, 556 U.S.* 662 (2009) (holding a claim must be facially plausible in order to survive a motion to dismiss). By merely providing "a formulaic recitation of the elements of a cause of action" through labels and conclusory allegations, Plaintiff's Complaint falls short of the factual pleading requirements of Federal Rule of Civil Procedure 8(a) and must be dismissed. See *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While this Court must accept as true any well-pleaded factual allegations and construe all factual inferences in a light most favorable to Plaintiff (see *Hill v. Blue Cross & Blue Shield of Mich., 409 F.3d 710, 716 (6th Cir. 2005).*), it is not required to accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

When a complaint alleges claims based upon fraud, Fed. R. Civ. P. 9(b)'s particularity standard requires that the party alleging fraud "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b.) Under Rule 9(b), a party asserting a fraud claim must allege the who, what, when, where, and how of the alleged fraud, including a misrepresentation by the defendant. *See New London Tobacco Mkt., Inc. v. Ky. Fuel Corp.*, 44 F.4th 393, 411 (6th Cir. 2022); *Coffey v. Foamex, L.P.*, 2 F.3d 157, 161–62 (6th Cir. 1994). Here, Plaintiff's claims for RICO, fraud, conversion and TCPA must meet the heightened Rule 9(b) pleading standards. Fed. R. Civ. P. 9(b*); see Wall v. Mich. Rental*, 852 F.3d 492, 495 (6th Cir. 2017) (fraud and RICO claims are subject to Rule 9 particularity requirement).

IV. **ARGUMENT**

    a. **Plaintiff's Fraud-Based Claims Fail to Meet Rule 9(b)'s Pleading Standards**

Plaintiff's fraud-based claims of RICO, Fraud, Conversion, and TCPA fail to satisfy the heightened standards of Rule 9(b). These fraud-based claims are deficient because Plaintiff failed to sufficiently plead the "who, what, when, where and how of the alleged fraud." *McCoy v. East*

*Tennessee Luxury Coach, LLC*, 2024 WL 4916367 (E.D. Tenn. Nov. 6, 2024) (citing *Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 615 (6th Cir. 2024)). "More specifically, the complaint must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Id*. (citing *Greer* at 614-615)).

### i. Plaintiff's RICO Claim Against Heath Must be Dismissed

The civil RICO claim must be dismissed for failure to state a claim under Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. For Plaintiff to assert a proper civil RICO claim, it must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006) quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). A "pattern of racketeering activity" is established by showing that the defendant committed at least two predicate offenses. 18 U.S.C. § 1961(5); *Sedima* at 496. Furthermore, "proof of a pattern of racketeering activity requires a showing that 'the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity.'" *In re ROA*, 2007 WL 2900286 at *6 (citing *H.J., Inc. v. Nw. Bell Tel. Co*., 492 U.S. 229 (1989)).

### 1. Plaintiff Fails to Allege the Existence of an Enterprise as Required by § 1962(c)

Plaintiff's vague and conclusory allegations in Count I for RICO violation fail to properly allege the existence of an "enterprise." For a plaintiff to properly allege the enterprise element, it needs more than pleading a simple conspiracy. *Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 794 (6th Cir. 2012) (noting that an enterprise "requires a certain amount of organizational structure which eliminates simple conspiracies from the Act's reach.") (internal quotations omitted). Plaintiff here alleges an association-in-fact enterprise (Complaint ¶116), which is a group of persons associated for the common purpose of engaging in a certain course of conduct. *Boyle v. United States*, 556 U.S. 938, 946 (2009). For Plaintiff to establish a proper association-in-fact enterprise, it must

prove that: (1) there is an ongoing organization with some sort of framework or superstructure for making and carrying out decisions; (2) members of the enterprise functioned as a continuing unit with established duties; and (3) the enterprise was separate and distinct from the pattern of racketeering activity in which it engaged. *Ouwinga*, 694 F.3d at 793. Additionally, the association-in-fact enterprise must have a "common purpose" that is "separate from the pattern of racketeering activity in which it engages." *Compound Prop. Mgmt.*, 462 F. Supp. 3d at 857 (citing *Frank v. D'Ambrosi*, 4 F.3d 1378, 1386 (6th Cir. 1993)). If the only common purpose that binds the members of the alleged association-in-fact enterprise "is their purported common desire to participate in the allegedly fraudulent scheme," "[t]hat is not enough." *Id*. When a plaintiff fails to allege a common purpose that is separate from the racketeering activity, plaintiff's claim cannot survive a motion to dismiss brought under Rule 12(b)(6). *Ouwinga*, 694 F.3d at 794; *In re ClassicStar Mare Lease Litig.*, 727 F.3d at 483.

Here, Plaintiff alleges, in conclusory manner, that the Defendants formed an association-in-fact enterprise, with the common purpose, as alleged, to be a desire to participate in the fraudulent scheme. (Complaint ¶116). As the *Compound Prop. Mgmt.* court explained, this is not an enterprise under § 1962(c) because the purpose is not separate from the racketeering activity. There are no other allegations in the Complaint that show Defendants could have had a different purpose.

Furthermore, pursuant to Rules 20 and 10(c) of the *Federal Rules of Civil Procedure*, Heath joins Co-Defendants HYDS, Inc. and Meadows' argument that Plaintiff failed to allege any facts establishing a framework or organizational structure linking the HYDS and the Lowe's Defendants. A business introduction falls short of the framework or decision-making structure necessary to plead a RICO enterprise. *See, e.g.*, *Robins v. Global Fitness Holdings, LLC*, 838 F. Supp. 631, 653 (N.D. Ohio Jan. 18, 2012) ("Routine business relationships, without more, are insufficient to establish a RICO claim."). Further, Plaintiff alleges that Heath introduced Shore to Dean Bingham of Lowe's on December 9, 2020 (Complaint ¶73), long before Plaintiff was aware of HYDS, Inc., or had any business with them. Plaintiff alleges that it started working with HYDS, Inc. "in the late summer or

early fall of 2021." (Complaint ¶38). According to Plaintiff's timeline, Heath introduced Shore to Dean Bingham at least nine months before Plaintiff did any work with HYDS, Inc., or HYDS, Inc.'s scheme against Plaintiff allegedly started. This 9-month period of time further proves to the Court that Shore's introduction to Dean Bingham was nothing more than a routine business relationship that is incapable of proving any existence of an enterprise. To the contrary, it proves the lack of an enterprise between Heath and the Lowe's entity and employees.

2. **Plaintiff's Claim Under § 1962(d) Fails Because Plaintiff Does Not Properly Allege the Existence of an Enterprise**

As explained above, Plaintiff fails to establish that an "enterprise" existed under § 1962(c), which in turn demolishes Plaintiff's Conspiracy claim under § 1962(d) as well. The Sixth Circuit has made clear that to state a claim for a RICO conspiracy under § 1962(d), a plaintiff "must successfully allege all the elements of a RICO violation, as well as alleging the existence of an illicit agreement to violate the substantive RICO provision." *Aces High Coal Sales, Inc. v. Cmty. Bank & Tr. of W. Georgia*, 768 F. App'x 446, 459 (6th Cir. 2019) (internal quotations omitted); *see also Grubbs v. Sheakley Group, Inc.*, 807 F.3d 785, 806 (6th Cir. 2015) ("Plaintiffs' RICO conspiracy claim fails because Plaintiffs failed to allege a substantive RICO violation in the first place."). Therefore, the § 1962(d) claim for RICO conspiracy fails because the claim under 18 U.S.C. § 1962(c) fails and must be dismissed. *Aces High Coal Sales*, 768 F. App'x 446 at 459.

ii. **Plaintiff's Fraud Claim Against Heath Does Not Meet Rule 9(b) Pleading Standards and Must be Dismissed**

Federal Rule of Civil Procedure 9(b) requires that a party claiming fraud "must state with particularity the circumstances constituting fraud." Plaintiff's fraud allegations are devoid of any particularity and resort to combining Heath with other defendants in an effort to confuse the Court and pin other defendants' actions on Heath. Plaintiff's fraud claim does not "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the
7

fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161 (6th Cir. 1993) (citing *Ballan v. Upjohn Co.*, 814 F. Supp. 1375, 1385 (W.D. Mich. 1992) (citing *Michaels Bldg. Co. v. Ameritrust Co. N.A.*, 848 F.2d 674, 679 (6th Cir. 1988)).

Here, Plaintiff's fraud claim (Count VI) makes general allegations against Heath and Meadows in the same paragraph without differentiating between the two defendants. In one of its fraud allegations, Plaintiff states that "Meadows and Heath represented to [Plaintiff] that HYDS was supplying labor and materials to [Plaintiff's] construction projects at competitive prices." (Complaint ¶158). However, the Complaint does not "state where and when the statements were made" and does not "explain why the statements were fraudulent." *McCoy v. East Tennessee Luxury Coach, LLC*, 2024 WL 4916367 (E.D. Tenn. Nov. 6, 2024) (citing *Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 614-615 (6th Cir. 2024)). Rather than plead its claim with particularity, Plaintiff makes general, vague, and conclusory statements throughout its claim. These broad assertions and averments are the type of "threadbare recital of the elements of a cause of action, supported by mere conclusory statements, [that] do not suffice" to state an actionable claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### iii. Plaintiff's Conversion Claim Against Heath Does Not Meet Rule 9(b) Pleading Standards and Must be Dismissed

Similar to the deficiencies noted above, Plaintiff's conversion claim against Heath lacks the particular details of the "who, what, when, where, and how" of their fraud-based conversion claim. (Complaint ¶¶ 177-183.) Rather than plead its claim with the specificity required, Plaintiff combines Heath with Meadows and HYDS, Inc. without identifying what fraudulent conduct Heath supposedly committed. For example, Plaintiff states that "HYDS, Meadows, and Heath caused invoices and/or other requests for payment to be submitted to [Plaintiff]…" (*Id*. ¶ 178). Plaintiff does not allege how Heath "caused" the invoices to be submitted to Plaintiff. Likewise, the Complaint does not explain how Heath "intentionally exercised dominion and control over" Plaintiff's money (*Id*. ¶ 181).

8

b. **Pursuant to Federal Rule of Civil Procedure 20 and Rule 10(c), Heath Joins Co-Defendants HYDS, Inc., Keith Meadows, Lowe's Home Centers, Inc., Lunden Johnson, and Danny Knowles with Regard to the Following Arguments:**

   i. **Heath Joins Lowe's Home Centers, Inc., Lunden Johnson, and Danny Knowles in Their Arguments Against Plaintiff's Tennessee Consumer Protection Act Claim**

As stated in Co-Defendants' Motions to Dismiss (Documents 67 & 71), Plaintiff's TCPA claim against Heath (Count VII) fails because Plaintiff did not assert it within the applicable one-year statute of limitations. *See Tenn. Code Ann.* § 47-18-110.

In its Complaint, Plaintiff alleges that it discovered Shore's wrongful conduct after his termination on September 7, 2023 (Complaint, ¶34), and thereafter "identified a number of irregularities" (*Id*. ¶36), and found "email exchanges" between Meadows and Shore. (*Id*. ¶68). Based on Plaintiff's timeline of events, it became aware of its TCPA claim on September 7, 2023, and therefore, must have filed and served its claim by September 7, 2024. However, Plaintiff's TCPA claim against Heath was not filed until October 17, 2024, making it 40 days late.

Furthermore, Heath joins Co-Defendant Lowe's argument against Plaintiff's TCPA claim because construction materials are not "goods" under the TCPA, and thus Shore's estimating was not a "service" under the TCPA. As explained in Lowe's Motion to Dismiss (Document 67), the "goods" alleged in Plaintiff's Complaint are not in fact "goods" as defined by *Tenn. Code Ann.* § 47-18-103(12), because the alleged "goods" were not purchased by an individual for "personal, family, or household purposes." Plaintiff is a business entity that purchased "materials" from HYDS, Inc., such as "cabinets, countertops and bathroom sinks" (Complaint ¶54). Because these items were not "goods" as defined under law, and because Shore provided estimating services for the sale of business "materials", Shore's services in connection therewith were not covered by the TCPA. The Court should therefore dismiss Plaintiff's TCPA claim against Heath for failure to state a claim under Fed.

9

Rule of Civ. Pro. 12(b)(6).

Heath also joins Co-Defendants Knowles, Johnson, and Lowe's argument against the TCPA cause of action for its failure to meet the particularity standards of Rule 9(b).

### ii. Heath Joins Lowe's Home Centers, Inc., Lunden Johnson, and Danny Knowles in Their Arguments against Plaintiff's Conspiracy Claim for Failure to Meet Particularity Standards per Rule 9(b)

As argued by Co-Defendants, Plaintiff's Conspiracy claim against Heath (Count II) fails because the claim is based in fraud, but fails to satisfy the particularity standard of Rule 9(b), or to state the "who, what, where, when and how" of the alleged fraud. Plaintiff's allegations of conspiracy (¶¶ 129-136) fail to identify any individual parties, but rather, combine all Defendants together.

"Naked assertion of conspiracy . . . gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility of 'entitle[ment] to relief.'" *Twombly*, 550 U.S. at 557 (citing *DM Research, Inc. v. College of Am. Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft *v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 557).

Like the rest of Plaintiff's allegations, the Conspiracy claim makes no specific allegation of wrongdoing by Heath to implicate him in the supposed conspiracy. Therefore, Plaintiff's Count II against Heath for Conspiracy must be dismissed.

### iii. Heath Joins Lowe's Home Centers, Inc., Lunden Johnson, and Danny Knowles in Their Arguments Against Plaintiff's Conversion Claim

As Co-Defendants argued, Plaintiff's Conversion claim against Heath (Count VII) should be

dismissed because it does not identify a tangible chattel. Per Tennessee law, "conversion occurs when a party appropriates tangible property for its own use, thereby excluding or defying the owner's rights." *McCoy*, 2024 WL 4916367 at *10 (citing *Cash v. Country Tr. Bank*, 2019 WL 5291272 (6th Cir. Apr. 19, 2019)). see also *Knox Trailers, Inc. v. Maples*, 581 F.Supp.3d 1000, 1017 (E.D. Tenn. 2022) (Tennessee law does not permit conversion actions for intangible property, and money is generally considered to be intangible). Plaintiff's Conversion claim against Heath is based on converted sums of money without specifying the exact amount converted by Heath. Therefore, Plaintiff's Conversion claim against Heath must be dismissed for failure to state a claim under Tennessee law.

### iv. Heath Joins HYDS, Inc. and Keith Meadows' Arguments in Their Entirety Per Fed. Rule of Civ. Pro 12(b)(1).

<u>To the extent they are timely, Heath joins Co-Defendants, HYDS, Inc., and Meadows, in their motion and arguments under</u> Federal Rule of Civil Procedure 12(b)(1), to dismiss all remaining claims for want of subject matter jurisdiction.

### V. CONCLUSION

For the reasons set forth herein, Plaintiff has failed to sufficiently plead its claims against Heath. Heath requests that the Court dismiss Plaintiff's claims against him in their entirety.

Dated this 17th day of January, 2025.

          Respectfully submitted,

          /s/ Don L. Hearn, Jr.
          Don L. Hearn, Jr. (#022837)
          GLANKLER BROWN, PLLC
          6000 Poplar Avenue, Suite 400
          Memphis, TN 38119
          Telephone: (901) 525-3122
          dhearn@glankler.com

          Nicholas P. Roxborough, Esq. (SBN 113540)
          Joseph C. Gjonola, Esq. (SBN 241955)
          Nadine Alsaadi, Esq. (SBN 339899)
          ROXBOROUGH, POMERANCE, NYE &
          ADREANI, LLP
          5900 Canoga Avenue, Suite 450
          Woodland Hills, California 91367
          Tel: (818) 992-9999
          Fax: (818) 992-9991
          npr@rpnalaw.com;
          jcg@rpnalaw.com;
          na@rpnalaw.com

          *Attorneys for Defendant, Joseph Heath*

# CERTIFICATE OF SERVICE

I hereby certify that on this 17th day, a true and correct copy of the foregoing was electronically served via the Court's CM/ECF system on the following:

| | |
|---|---|
| Todd E. Panther<br>Christopher C. Sabis<br>Thomas B. Hall<br>SHERRARD ROE VOIGT<br>& HARBISON, PLC<br>1600 West End Avenue, Suite 1750<br>Nashville, TN 37203<br>panther@srvhlaw.com<br>csabis@srvhlaw.com<br>thall@srvhlaw.com<br>*Attorneys for Plaintiff* | Gary C. Shockley<br>Scott D. Carey<br>Ryan P. Loofbourrow<br>BAKER, DONELSON, BEARMAN,<br>CALDWELL & BERKOWITZ, PC<br>1600 West End Avenue, Suite 2000<br>Nashville, Tennessee 37203<br>gshockley@bakerdonelson.com<br>scarey@bakerdonelson.com<br>rloofbourrow@bakerdonelson.com<br>*Attorneys for Defendant, Lowe's Home Centers, Inc.* |
| Darrick Lee O'Dell<br>SPICER RUDSTROM, PLLC<br>220 Athens Way, Suite 405<br>Nashville, TN 37228<br>dodell@spicerfirm.com | R. Brandon Bundren<br>BRADLEY ARANT BOULT CUMMINGS<br>1221 Broadway, Suite 2400<br>Nashville, TN 37203<br>bbundren@bradley.com |
| Nicholas C. Stevens<br>Robert J. Uhorchuk<br>SPICER RUDSTROM, PLLC<br>537 Market Street, Suite 203<br>Chattanooga, TN 37402<br>nstevens@spicerfirm.com<br>rju@spicerfirm.com<br>*Attorneys for Defendants, Lundon Johnson, Joel Chevrette, and Danny Knowles* | Scarlett Singleton Nokes<br>SHEPPARD MULLIN<br>2200 Ross Avenue, Floor 20<br>Dallas, TX 75201<br>snokes@bradley.com<br>*Attorneys for Defendant, Dean Bingham* |
| Matthew E. McGraw<br>Seth M. Hyatt<br>Jerry E. Martin<br>BARRETT JOHNSTON MARTIN & GARRISON, PLLC<br>200 31st Avenue N.<br>Nashville, TN 37203<br>mmcgraw@barrettjohnston.com<br>shyatt@barrettjohnston.com<br>jmartin@barrettjohnston.com<br>*Attorneys for Defendants, HYDS, Inc. and Keith Meadows* | |

/s/ Don L. Hearn, Jr.
Don L. Hearn, Jr.