IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FRANKLIN CONSTRUCTION GROUP, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:24-cv-01255 ) |
| WILLIAM SHORE, JWSC, LLC, KEITH MEADOWS, JOSEPH HEATH, HYDS INC., DEAN BINGHAM, LUNDON JOHNSON, TYLER WEBER, JOEL CHEVRETTE, DANNY KNOWLES, SCOTT MATTHEWS, and LOWE'S HOME CENTERS, INC., | ) JUDGE CRENSHAW ) MAGISTRATE JUDGE FRENSLEY ) ) JURY DEMAND ) ) ) ) |
| Defendants. | ) |

## DEAN BINGHAM'S MOTION TO DISMISS

Pursuant to Rule 12 of the Federal Rules of Civil Procedure and Local Rule 7.01, the defendant, Dean Bingham, moves to dismiss all claims against him asserted by the plaintiff, Franklin Construction Group, LLC ("Plaintiff"), for failure to state a claim for relief. As grounds for this motion, Mr. Bingham states as follows:

1. On October 21, 2024, Plaintiff filed its Complaint (Doc. 1) ("Compl.") against Mr. Bingham and eleven other defendants (collectively "Defendants").

2. In its Complaint, Plaintiff alleges that its former employee, defendant William Shore ("Shore"), orchestrated a fraudulent conspiracy through which he sought to funnel money from Plaintiff to himself through an illicit kickback scheme involving the other Defendants. Compl. ¶ 2. Specifically, Plaintiff alleges that Shore conspired with construction materials suppliers to overcharge it for materials, cause it to purchase unnecessary materials, and cause it to unwittingly pay for materials that Shore ultimately used for his own secret side projects. Compl. ¶¶ 2–4. The other participants in the alleged scheme include construction materials supplier HYDS

Inc. ("HYDS"), HYDS's owner, HYDS's CEO, Lowe's Home Centers, Inc. ("Lowe's"), and six current or former Lowe's employees, including Mr. Bingham. *See id.*

3. The Complaint alleges twenty-four causes of action, and it asserts five claims against Mr. Bingham: violation of the Racketeering and Corrupt Organizations Act ("RICO") (Count I), Conspiracy (Count II), Fraud (Count IX), violation of the Tennessee Consumer Protection Act ("TCPA") (Count X), and Conversion (Count XI). *See* Compl. ¶¶ 111–136; 184–213.

4. Four of the five claims alleged against Mr. Bingham—namely, the RICO, conspiracy, fraud, and TCPA claims—are fraud-based claims that are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Each of these fraud-based claims must be dismissed due to Plaintiff's failure to allege the underlying fraud with the requisite particularity. Furthermore, Plaintiff's TCPA claim must be dismissed because it is time-barred, and its RICO and conversion claims suffer from additional pleading deficiencies, which compel their dismissal.

5. Plaintiff's fraud claim against Mr. Bingham fails for two reasons. First, Plaintiff has failed to identify any specific false or misleading statement made by Mr. Bingham. While Plaintiff attributes certain statements or actions to groups of Defendants, such as the "Lowe's Individual Defendants," throughout the Complaint, these generalized allegations cannot serve as the basis for a fraud claim against Mr. Bingham. And Plaintiff has not identified anything false or misleading about the few statements that it attributes to Mr. Bingham individually. Second, Plaintiff cannot plead reasonable reliance on any of Mr. Bingham's alleged misrepresentations, as is required to state a claim for fraud.

6. Plaintiff's RICO claim against Mr. Bingham also fails for two reasons. First, Plaintiff has failed to plead the predicate offenses underlying its RICO claim (mail and wire fraud) with the requisite particularity. Second, Plaintiff has not identified a RICO enterprise that was separate and distinct from the pattern of racketeering activity in which it was engaged.

7. Plaintiff's conspiracy claim rests upon the same allegations—and is subject to the same pleading standard—as its fraud claim. Since Plaintiff's fraud claim fails, its conspiracy claim fails as well.

8. Plaintiff's TCPA claim must be dismissed because it is time-barred under the TCPA's one-year statute of limitations. It is clear from Plaintiff's allegations that it either discovered or should have discovered its alleged injuries more than one year prior to the date that it filed its Complaint. Alternatively, Plaintiff's TCPA claim against Mr. Bingham must be dismissed because Plaintiff has failed to state the claim with the requisite particularity. Namely, Plaintiff has failed to identify any misrepresentation made by Mr. Bingham to Plaintiff.

9. Plaintiff's conversion claim against Mr. Bingham also fails because Plaintiff has not identified any specific identifiable funds belonging to it that were appropriated by Mr. Bingham, as is required to state a claim for conversion of money.

## **CONCLUSION**

For these reasons and the reasons set forth in his contemporaneously filed memorandum of law, Mr. Bingham respectfully requests that the Court dismiss, with prejudice, all claims asserted against him.

Respectfully submitted,

*/s/ R. Brandon Bundren*

R. Brandon Bundren (BPR #30985)
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
P: 615.252.4647
F: 615.248.3047
bbundren@bradley.com

*Attorney for Dean Bingham*

# CERTIFICATE OF SERVICE

I certify that on January 17, 2025, I electronically filed a true and correct copy of Dean Bingham's Motion to Dismiss with the Clerk of Court for the U.S. District Court for the Middle District of Tennessee through the Court's Electronic Case Filing System, which will automatically serve all counsel of record listed below:

| | |
|---|---|
| Todd E. Panther (tpanther@srvhlaw.com)<br>Christopher C. Sabis (csabis@srvhlaw.com)<br>Thomas B. Hall (thall@srvhlaw.com)<br>SHERRARD ROE VOIGT & HARBISON, PLC<br><br>*Counsel for Plaintiff*<br><br>Don L. Hearn, Jr. (dhearn@glanker.com)<br>GLANKER BROWN, PLLC<br><br>Joseph C. Gjonola (jcg@rpnalaw.com)<br>Nadine Alsaadi (na@rpnalaw.com)<br>Nicholas P. Roxborough (npr@rpnalaw.com)<br>ROXBOROUGH POMERANCE NYE & ADREANI LLP<br><br>*Counsel for Keath Meadows, Joseph Heath, HYDS Inc.*<br><br>Jerry E. Martin (jmartin@barrettjohnston.com)<br>Matthew Edward McGraw (mmcgraw@barrettjohnston.com)<br>Seth Marcus Hyatt (shyatt@barrettjohnston.com)<br>BARRETT JOHNSTON MARTIN & GARRISON, LLC<br><br>*Counsel for Keith Meadows and HYDS Inc.* | Darrick Lee O'Dell (dodell@spicerfirm.com)<br>Nicholas C. Stevens (nstevens@spicerfirm.com)<br>Robert J. Uhorchuk (rju@spicerfirm.com)<br>SPICER RUDSTROM, PLLC<br><br>*Counsel for Lundon Johnson, Joel Chevrette, Danny Knowles*<br><br>Scott D. Carey (scarey@bakerdonelson.com)<br>Gary C. Shockley (gshockley@bakerdonelson.com)<br>Ryan P. Loofbourrow (rloofbourrow@bakerdonelson.com)<br>BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC<br><br>*Counsel for Lowe's Home Centers, Inc.* |

                                                      */s/ R. Brandon Bundren*
                                                      R. Brandon Bundren