**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **FRANKLIN CONSTRUCTION GROUP, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | |
| **WILLIAM SHORE, JWSC, LLC, KEITH** | ) | **CASE NO. 3:24-cv-01255** |
| **MEADOWS, JOSEPH HEATH, HYDS INC.,** | ) | |
| **DEAN BINGHAM, LUNDON JOHNSON,** | ) | **District Judge Crenshaw** |
| **TYLER WEBER, JOEL CHEVRETTE,** | ) | **Magistrate Judge Frensley** |
| **DANNY KNOWLES, SCOTT MATTHEWS,** | ) | |
| **and LOWE'S HOME CENTERS, INC.,** | ) | |
| | ) | |
| **Defendants** | ) | |

## DEFENDANT KEITH MEADOWS AND HYDS INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND LACK OF SUBJECT MATTER JURISDICTION

Defendants Keith Meadows and HYDS, Inc. hereby move this Court to dismiss Count I of Plaintiff Franklin Construction Group (FCG)'s complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and to dismiss the remainder of FCG's claims for lack of subject matter jurisdiction.

FCG's Complaint makes conclusory claims of a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) to bind together its otherwise unrelated claims against HYDS, Inc., Keith Meadows, and Jospeh Heath (the "HYDS Defendants") on the one hand and Lowe's Home Centers, Inc, and six of its employees (the "Lowe's Defendants") on the other. Even under the most liberal construction, FCG's allegations fail to establish that these two distinct groups operated as an "enterprise" or perpetrated a continuing pattern of racketeering activity—both required elements under RICO. For these reasons, FCG's RICO claim—set forth as Count I to the complaint—must be dismissed for failure to state a claim.

1

The remaining 13 counts are all state law claims, which do not give rise to any federal jurisdiction for this case. Plaintiff and defendants are not fully diverse, so there can be no diversity jurisdiction for these claims either. The federal supplemental jurisdiction statute, 28 U.S.C. § 1367(c)(3), grants judges discretion to exercise jurisdiction even after the court "has dismissed all claims over which it has original jurisdiction." However, within this Circuit, when all federal claims are all dismissed early in the litigation, there is a strong presumption in favor of dismissing supplemental state law claims. There is no reason to depart from that presumption here, so once the Court dismisses FCG's RICO claim under 12(b)(6), it should dismiss all remaining state law claims for want of jurisdiction under Rule 12(b)(1).

If, in the alternative, this Court chooses to retain supplemental jurisdiction in this case, then the Court should dismiss all remaining claims asserted against Defendant Meadows and Defendant HYDS, Inc. for failure to state a claim and failure to plead with the particularity required by Fed. R. Civ. P. 9(b) for those claims sounding in fraud. FCG asserts four state law claims against Defendant Meadows and Defendant HYDS in the Complaint: common law fraud, civil conspiracy, violation of the Tennessee Consumer Protection Act, and conversion. As set forth in Defendants' contemporaneously filed Memorandum of Law, FCG makes only conclusory allegations insufficient to support the causes of action it has actually pled. The fraud, conspiracy, and TCPA claims all require FCG to state with particularity the circumstances constituting fraud or mistake. It has failed to do so. The TCPA claim is also untimely pursuant to the applicable one-year statute of limitations. And the conversion claim fails because a claim for conversion only applies to tangible property. FCG, in contrast, seeks to recover for alleged overpayments from business transactions, and overpayments in such circumstances constitute intangible property not subject to such a conversion claim.

2

For all of these reasons, and as set forth in Defendants' supporting memorandum of law, this Court should dismiss FCG's RICO claims with prejudice, and then (1) dismiss all remaining claims, and by extension, the matter as a whole, for want of subject-matter jurisdiction, or (2) dismiss all state claims against Defendants Health and HYDS, Inc. for failure to state a claim.

Date:   January 17, 2025                              Respectfully submitted,


                                                     /s/ Jerry E. Martin
                                                     Jerry E. Martin (TNBPR No. 020193)
                                                     Seth M. Hyatt (TNBPR No. 031171)
                                                     Matthew E. McGraw TNBPR No. 032257
                                                     Barrett Johnston Martin
                                                         & Garrison, PLLC
                                                     200 31st Ave. N.
                                                     Nashville, TN 37203
                                                     T: (615) 244-2202
                                                     F: (615) 252-3797
                                                     jmartin@barrettjohnston.com
                                                     shyatt@barrettjohnston.com
                                                     mmcgraw@barrettjohnston.com


## **CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2025, the foregoing *Defendant Keith Meadows and HYDS Inc.'s Motion to Dismiss For Failure to State a Claim and Lack of Subject Matter Jurisdiction* was served through the Court's CM/ECF system, which will provide notice to the following counsel of record in this case.

**Christopher C. Sabis**
**Thomas Hall**
**Todd E. Panther**
Sherrard Roe Voigt & Harbison, PLC
1600 West End Avenue
Suite 1750
Nashville, TN 37203
615-850-6822
csabis@srvhlaw.com

3

thall@srvhlaw.com
tpanther@srvhlaw.com

*Attorneys for Plaintiff Franklin Construction Group, LLC*

**Don L. Hearn, Jr.**
Glankler Brown, PLLC
6000 Poplar Avenue
Suite 400
Memphis, TN 38119
(901) 576-1767
Fax: (901) 525-2389
Email: dhearn@glankler.com

**Joseph C. Gjonola**
**Nicholas P. Roxborough**
**Nadine Alsaadi**
Roxborough Pomerance Nye & Adreani LLP
5900 Canoga Avenue
Suite 450
Woodland Hills, CA 91367
818-992-9999
Fax: 818-992-9991
jcg@rpnalaw.com
na@rpnalaw.com
npr@rpnalaw.com

*Attorneys for Defendants Keither Meadows, HYDS, Inc., and Joseph Health*

**R. Brandon Bundren**
Bradley Arant Boult Cummings
1221 Broadway
Ste 2400
Nashville, TN 37203
615-252-4647
Fax: 615-248-3047
bbundren@bradley.com

**Scarlett Singleton Nokes**
Sheppard Mullin (Dallas, TX)
2200 Ross Avenue
Ste Floor 20
Dallas, TX 75201
469-391-7411
snokes@bradley.com

*Counsel for Defendant Dean Bingham*

**Darrick Lee O'Dell**
Spicer Rudstrom, PLLC
220 Athens Way
Suite 405
Nashville, TN 37228
(615) 259-9080
Fax: (615) 259-1522
dodell@spicerfirm.com

**Nicholas C. Stevens**
**Robert J. Uhorchuk**
Spicer Rudstrom, PLLC
537 Market Street
Suite 203
Chattanooga, TN 37402
423-756-0262
Fax: 423-756-8489
nstevens@spicerfirm.com
rju@spicerfirm.com


*Counsel for Defendants Ludon Johnson, Joel Chevrette, and Danny Knowles*


**Gary C. Shockley**
**Ryan P. Loofbourrow**
**Scott D. Carey**
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
1600 West End Avenue
Suite 2000
Nashville, TN 37203
(615) 726-5600
gshockley@bakerdonelson.com
rloofbourrow@bakerdonelson.com
scarey@bakerdonelson.com

*Counsel for Defendant Lowe's Home Center, Inc.*




/s/ Jerry E. Martin
Jerry E. Martin
Barrett Johnston Martin & Garrison, PLLC

5