IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FRANKLIN CONSTRUCTION GROUP, LLC, | ) ) ) |
| Plaintiffs, | ) ) No. 3:24-cv-01255 |
| v. | ) ) District Judge Waverly D. Crenshaw, Jr. ) Magistrate Judge Jeffery S. Frensley |
| WILLIAM SHORE, et al., | ) ) |
| Defendants. | ) |

## ORDER

Pending is Plaintiff's Motion Default Judgment Against William Shore and JWSC, LLC (Doc. No. 47) pursuant to Federal Rule of Civil Procedure 55. (Doc. No. 21). For the following reasons, the Plaintiff's Motion for Default Judgment pursuant to Federal Rule 55(b) is **DENIED** without prejudice. However, the Clerk enters default against William Shore and JWSC, LLC pursuant to Federal Rule 55(a).

Plaintiff's Motion seeks to secure both entry of default and default judgment in one fell swoop; however, a plaintiff must fulfill the procedural requirements of Federal Rule of Civil Procedure 55 and seek entry of default pursuant to Rule 55(a) prior to seeking default judgment pursuant to Rule 55(b). *See* Fed. R. Civ. P. 55; *White v. Parker*, No. 1:11-CV-294-TRM-CHS, 2018 WL 1279545, at *3 (E.D. Tenn. Feb. 20, 2018). *See Disney Enters., Inc. v Kathy Farmer*, 427 F. Supp.2d 807, 814-15 (E.D. Tenn. 2006) (obtaining a default judgment is a two-step process; once the Clerk has entered a default, the moving party may then seek entry of a default judgment). For this reason, Plaintiff's Motion for Default Judgment, to the extent it seeks relief pursuant to Federal Rule 55(b) is premature. However, for the sake of judicial efficiency, the Clerk will

1

consider whether entry of default pursuant to Federal Rule 55(a) is appropriate as to William Shore and JWSC.

Pursuant to Local Rule 55.01,

> Motions for entry of default under Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying, among other things, (i) proof of service; (ii) the opposing party's failure to plead or otherwise defend; (iii) if the opposing party is an individual, that the opposing party is not a minor or incompetent person; and (iv) if the opposing party is an individual, that the opposing party is not in the military service, as required by 50 U.S.C. § 3931(b)(1). Evidence from the Defense Manpower Data Center, or other reliable source, confirming that the opposing party is not in the military service must be appended to the unsworn declaration.

L.R. 55.01. Plaintiff submits the Declarations of Todd Panther and John Schaedle in support of their Motion. (Doc. Nos. 47-1 and 47-2). Mr. Panther's Declaration states that Shore and JWSC, LLC were served with process on November 7, 2024, as evidenced in the summons returns filed on November 15, 2024. (Doc. No. 47-1 at PageID #: 263). Mr. Panther also appends to his Declaration a Status Report from the Department of Defense Manpower Data Center confirming that William Shore is not currently serving in the military. (Doc. No. 47-1 at PageID #: 265). Mr. Schaedle's Declaration verifies that Mr. Shore is not a minor nor an incompetent person. (Doc. No. 47-2 at PageID #: 267).

Upon review of Plaintiff's Motion and supporting documentation, the Clerk finds that Plaintiff has satisfied the requirements of Local Rule 55.01, and entry of default pursuant to Federal Rule 55(a) is appropriate. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

For the reasons stated herein, the Plaintiff's Motion for Default Judgment, to the extent it seeks relief pursuant to Federal Rule 55(b), is **DENIED** without prejudice. However, pursuant to Federal Rule 55(a), the Clerk enters default against William Shore and JWSC, LLC.

                                                s/ Lynda M. Hill
                                                Lynda M. Hill
                                                Clerk of Court