IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FRANKLIN CONSTRUCTION GROUP, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 3:24-cv-01255 |
| WILLIAM SHORE, JWSC, LLC, KEITH MEADOWS, JOSEPH HEATH, HYDS, INC., DEAN BINGHAM, LUNDON JOHNSON, TYLER WEBER, JOEL CHEVRETTE, DANNY KNOWLES, SCOTT MATTHEWS, and LOWE'S HOME CENTERS, INC., | ) JURY DEMAND ) ) Judge Waverly D. Crenshaw, Jr. ) Magistrate Judge Jeffery S. Frensley ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT JOEL CHEVRETTE'S MOTION TO DISMISS**

Plaintiff respectfully asks this Court to deny Defendant Joel Chevrette's Motion to Dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

### I. BACKGROUND

From at least 2021 to 2023, as summarized in Plaintiff's responses to the various other motions to dismiss the defendants have filed, the defendants worked in concert to execute a tremendous and purposeful fraud on Plaintiff, which caused millions of dollars in damage. Plaintiff has alleged that Defendant Chevrette was a participant in that illegal scheme. Specifically, Plaintiff has alleged that Defendant Chevrette personally paid Defendant Shore, through his alter ego, Defendant JWSC, LLC, $13,500.00 in fraudulent kickbacks as part of the alleged conspiracy. Compl., at ¶ 86. Defendant Chevrette does not acknowledge this allegation anywhere in his Motion or its supporting Memorandum. Instead, his Memorandum and accompanying declaration ignore

1

this allegation and assert that Plaintiff has made no specific allegations against him and that he "had no contact or dealings with FCG and no contacts whatsoever with Tennessee." Memo. at 1-3.

But the Court need not accept Defendant Chevrette's self-serving representations as fact at the motion to dismiss stage of this litigation. Plaintiff has attached to this Response a declaration by Ben Schaedle, an equity holder of Plaintiff, supporting Plaintiff's allegations that Defendant Chevrette participated in the scheme alleged in the Complaint. *See* **Exhibit A**, Declaration of Ben Schaedle. That declaration and the allegations in the Complaint demonstrate sufficient minimum contacts to convey personal jurisdiction over Defendant Chevrette in this District. Even if they did not, given the nature of the fraudulent scheme and the defendants' possession of the details concerning it, the Court should grant discovery to Plaintiff to better define Defendant Chevrette's role and establish personal jurisdiction rather than dismiss the case against him at this early stage.[1]

## II. LEGAL STANDARD

"Where a federal court's subject matter jurisdiction over a case stems from the existence of a federal question, personal jurisdiction over a defendant exists 'if the defendant is amenable to

---

[1] *See, e.g.*, *Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1215 (6th Cir. 1989) ("The court's solicitude for defendants who object to its personal jurisdiction is always tempered [] by its concern that the door to a federal courtroom not be slammed in the face of a plaintiff seeking to invoke its powers where there is, in fact, no defect in personal jurisdiction. Particularly where the disputed jurisdictional facts are intimately intertwined with the parties' dispute on the merits, a trial court should not require plaintiffs to mount proof which would, in effect, establish the validity of their claims and their right to the relief sought. Judicial resources may be more efficiently deployed if the court holds but one hearing on the contested facts. And more fundamentally, as the Second Circuit has noted, postponing proof till trial allows a plaintiff to present all her proof in a coherent, orderly fashion and without the risk of prejudicing his case on the merits. In many cases, then, a district court may find sound reasons to rule, on the basis of written submissions, that the plaintiff has made her prima facie showing that the court has personal jurisdiction over a defendant, and to reserve all factual determinations on the issue for trial.") (internal quotation marks and citation omitted).

service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[] due process.'" *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992)). Because "Tennessee['s] long-arm statute has been interpreted as coterminous with the limits on personal jurisdiction imposed by the due process clause," the Court need "address only whether exercising personal jurisdiction over [the defendants] is consistent with federal due process requirements." *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 477 (6th Cir. 2003) (internal quotation marks and citation omitted). Maintenance of the suit must not offend "traditional notions of fair play and substantial justice." *Watkins v. Kajima Intern. Corp.*, No. 3:08–0426, 2010 WL 3491172, at *2 (M.D. Tenn. Sept. 1, 2010) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003)).[2]

"Personal jurisdiction can be either general or specific, depending upon the nature of the contacts that the defendant has with the forum state." *Bridgeport Music*, 327 F.3d at 477 (quoting *Bird*, 289 F.3d at 873). Plaintiffs, at this juncture, do not allege that this Court has general jurisdiction over Defendant Chevrette. Specific jurisdiction exists where the applicable three-part test is satisfied.

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant

---

[2] "The Supreme Court has noted, on more than one occasion, the confluence of the 'increasing nationalization of commerce' and 'modern transportation and communication,' and the resulting relaxation of the limits that the Due Process Clause imposes on courts' jurisdiction. . . . Simply stated, there is less perceived need today for the federal constitution to protect defendants from 'inconvenient litigation,' because all but the most remote forums are easily accessible for the pursuit of both business and litigation." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257 (6th Cir. 1996) (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 293 (1980); *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957)).

3

> or consequence caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.* at 477-78 (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). "If any of the three requirements is not met, personal jurisdiction may not be invoked." *Global Force Entm't, Inc. v. Anthem Sports & Entm't Corp.*, 385 F. Supp. 3d 576, 586 (M.D. Tenn. 2019) (Crenshaw, C.J.) (quoting *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 680 (6th Cir. 2012)).

When considering a Rule 12(b)(2) motion, a court "has three procedural alternatives: (1) the court may determine the motion on the basis of written submissions and affidavits alone; (2) it may permit discovery in aid of the motion; or (3) it may conduct an evidentiary hearing on the merits of the motion." *Roundtree-Chism v. Dunn*, No. 1:16-cv-387, 2017 WL 2312900, at *2 (E.D. Tenn. May 26, 2017) (quoting *Destination Designs, LLC v. Glick*, No. 3:08-CV-197, 2008 WL 4559815, at *2 (E.D. Tenn. Oct. 9, 2008)). When the court rules without an evidentiary hearing, "the plaintiff's burden of proof is relatively slight." *Ever-Seal, Inc. v. DuraSeal, Inc.*, No. 3:22-cv-00365, 2022 WL 3599519, at *6 (M.D. Tenn. Aug. 23, 2022) (citation and quotation marks omitted). "'[T]he plaintiff need only make a "prima facie" case that the court has personal jurisdiction,' . . . and 'the court must consider the pleadings and affidavits in a light most favorable to the plaintiff.'" *Dunn*, 2017 WL 2312900, at *2 (quoting *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012)); *CompuServe, Inc.*, 89 F.3d at 1262; *see also Ever-Seal, Inc.*, 2022 WL 3599519, at *6 ("uncontroverted allegations must be taken as true, and conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor") (quoting *Johansen v. HomeAdvisor, Inc.*, 218 F. Supp. 3d 577, 583 (S.D. Ohio 2016)).

### III. ANALYSIS

The facts alleged in the Complaint and the Declaration of Ben Schaedle are sufficient for the Court to deny Defendant Chevrette's Motion to Dismiss on the written submissions alone. They make a prima facie case that Defendant Chevrette has (1) purposely availed himself of the privilege of acting and causing consequences in the forum state; (2) given rise to the cause of action through his conduct; and (3) rendered this Court's exercise of jurisdiction reasonable. *See Mohasco Indus., Inc.*, 401 F.2d at 381. Accordingly, Defendant Chevrette's Motion to Dismiss should be denied.

### A. <u>The purposeful availment prong of the specific jurisdiction test is satisfied.</u>

Purposeful availment is the "*sine qua non* for *in personam* jurisdiction." *Id.* at 381-82. In *Bridgeport Music*, the Sixth Circuit gave a thorough summary of the principles underlying purposeful availment.

> "'[P]urposeful availment is something akin to a deliberate undertaking to do or cause an act or thing to be done in [the forum state] or conduct which can be properly regarded as a prime generating cause of the effects resulting in [the forum state], something more than a passive availment of [the forum state's] opportunities.'" *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 891 (6th Cir. 2002) (internal citation and quotation omitted). "The 'purposeful availment' requirement is satisfied when the defendant's contacts with the forum state 'proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State,' and when the defendant's conduct and connection with the forum are such that he 'should reasonably anticipate being haled into court there.'" *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996) (quoting *Burger King*, 471 U.S. at 474–75, 105 S. Ct. 2174). The "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King*, 471 U.S. at 475, 105 S. Ct. 2174 (internal citation omitted); *see also LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1300 (6th Cir. 1989). The emphasis in the purposeful availment inquiry is whether the defendant has engaged in "some overt actions connecting the defendant with the forum state." *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1274 (6th Cir. 1998). If a plaintiff can demonstrate purposeful availment, the absence of physical contacts with the forum state will not defeat

personal jurisdiction over a non-resident defendant. *See Burger King*, 471 U.S. at 476, 105 S. Ct. 2174; *CompuServe*, 89 F.3d at 1265.

327 F.3d at 478-79.

By definition, the minimum contacts required for specific jurisdiction need not be "pervasive," or "continuous and systemic," like those required for general jurisdiction. *See, e.g.*, *Krauss-Maffei Corp. v. Donovan*, No. 07–99, 2008 WL 108757, at *2 (E.D. Ky. Jan. 9, 2008) (comparing general and specific jurisdiction). "[E]ven a single act by defendant directed toward Tennessee that gives rise to a cause of action can support a finding of minimum contacts sufficient to exercise personal jurisdiction without offending due process." *Neal v. Janssen*, 270 F.3d 328, 331 (6th Cir. 2001) (Merritt, J.) (citing *Calder v. Jones*, 465 U.S. 783 (1984)).

> The factors used in weighing minimum contacts are their quantity, quality and nature, the source and connection of the cause of action with those contacts, interest of the forum state and last, convenience. However, for minimum contacts to be found to exist, each and every factor is not required to be present. Instead, a weighing of these factors must lead the Court to a conclusion that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice.

*Hi Fi Corner, Inc. v. Inflight Cinema Intern., Inc.*, 505 F. Supp. 12, 14 (M.D. Tenn. 1980) (Nixon, J.) (internal citation omitted); *see also Nick Kostecki Excavating, Inc. v. Integrated Mach., Inc.*, 1:23 CV 2370, 2024 WL 3046316, at *4 (N.D. Ohio June 18, 2024) ("The 'quality' of the contacts, as opposed to their number, is essential to determining whether minimum contacts exist sufficient to establish personal jurisdiction.") (quoting *Matrix Essentials, Inc. v. Harmon Stores, Inc.*, 205 F. Supp. 2d 779, 787 (N.D. Ohio 2001)); *Pioneer Log Sys., Inc. v. Wilson*, No. 3:08cv0313, 2008 WL 11394352, at *3 (M.D. Tenn. July 9, 2008) ("The sufficiency of a defendant's 'minimum contacts' is not dependent on quantity but rather the 'quality and nature' of the contacts.") (quoting *Int'l Shoe Co.*, 326 U.S. at 319).

6

Specific jurisdiction is more easily found when a defendant commits an intentional tort directed at the forum state. *See Scotts Co. v. Aventis S.A.*, 145 F. App'x 109, 113 n.1 (6th Cir. 2005) (noting that "a defendant's contacts with the forum may be enhanced if the defendant aimed its tortious conduct at the forum and plaintiff's forum state was the focus of the activities of the defendant out of which the suit arises"). The requirement that a defendant's "suit-related conduct" shows a "substantial connection with the forum State" is satisfied "when the defendant intentionally cultivates contacts with the forum State, as opposed to forming 'random, fortuitous, or attenuated contacts.'" *Johnson v. Griffin*, 85 F.4th 429, 432-33 (6th Cir. 2023) (quoting *Walden v. Fiore*, 571 U.S. 277, 283 (2014)). "[W]hen a foreign defendant purposefully directs communications into the forum that cause injury within the forum, and those communications form the 'heart' of the cause of action, personal jurisdiction may be present over that defendant without defendant's presence in the state." *Neal*, 270 F.3d at 333; *see also Griffin*, 85 F.4th at 434 ("Due process provides no refuge for lies or reckless conduct directly sent to a decisionmaker in a forum . . . .").

Applying these standards, this Court has personal jurisdiction over Defendant Chevrette. Plaintiff alleges that Defendant Chevrette paid at least $13,050.00 in kickbacks to Defendant Shore as part of defendants' scheme detailed in the Complaint. Compl., at ¶ 86. That figure is based on the "JWSC Income by Customer Summary" document identified by Plaintiff during its investigation of the fraud. *See* Declaration of Ben Schaedle at ¶ 7, Exhibit 1.

While even one kickback payment into Tennessee would be sufficient to establish personal jurisdiction, *see Neal*, 270 F.3d at 331, Defendant Chevrette made multiple – at least six – separate payments to Defendant JWSC (Defendant Shore's alter ego Tennessee corporation) on July 18, 2022. *See* Declaration of Ben Schaedle at ¶ 8, Exhibit 2. These payments may correspond with a

series of invoices sent from Defendant JWSC to Defendant Chevrette in May 2022. *Id.* Defendant Chevrette's assertions that he did not service any (legitimate) Lowe's accounts or customers in Tennessee, Memo. at 3-4, only bolster Plaintiff's allegations that these payments were kickbacks in furtherance of the scheme and conspiracy alleged in the Complaint.

By paying these kickbacks to the Tennessee-based Defendants JWSC and Shore, Defendant Chevrette made a "deliberate undertaking" in the forum state of this litigation. *See Bridgeport Music*, 327 F.3d at 478-79 (quoting *Neogen Corp.*, 282 F.3d at 891). Defendant Chevrette's actions were not passing, random, or fortuitous, but deliberate economic activities that created a substantial connection with Tennessee – a connection through which he enriched both himself and his employer. *See id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *CompuServe*, 89 F.3d at 1263). *Cf. Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 151 (6th Cir. 1997) (no purposeful availment where performance of the contract at issue had nothing to do with the forum state and one of the contracting parties just happened to be from the forum state); *Ever-Seal, Inc.*, 2022 WL 3599519, at *9 (finding no purposeful availment on allegations that the defendant unlawfully competed with a company that happened to be in Tennessee absent evidence of communications into or action toward Tennessee); *Watkins*, 2010 WL 3491172, at *2 (dismissal appropriate where the plaintiff could not identify the "who, when, what, or where" of any specific contact by a defendant with the forum state). Paying kickbacks in this type of scheme "show[s] a purposeful direction of a tort at the forum state." *House of Raeford Farms of La. L.L.C. v. Poole*, No. 19-271, 2021 WL 3673901, at *5 (W.D. La. Mar. 18, 2021) (finding minimum contacts based on "[t]he series of undisclosed communications and agreements . . . as well as the $489,691.95 in kickbacks sent to [the forum state]"); *see also Griffin*, 85 F.4th at 434; *Neal*, 270 F.3d at 333. Accordingly, Defendant Chevrette should not be surprised at having

8

to answer for these payments in Tennessee, despite his alleged lack of physical presence here. *See Bridgeport Music*, 327 F.3d at 478-79 (citing *Burger King*, 471 U.S. at 475, 476). Accordingly, Plaintiff has satisfied the first prong of the specific jurisdiction test.

### B. Defendant Chevrette has given rise to the causes of action in the Complaint through his conduct.

The second prong of the specific jurisdiction test is "subject to a 'lenient standard.'" *Integrated Mach., Inc.*, 2024 WL 3046316, at *5 (quoting *Schneider v. Hardesty*, 669 F.3d 693, 703 (6th Cir. 2012)). "An exercise of specific jurisdiction is proper where the claims in the case arise from or are related to the defendant's contacts with the forum state." *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005) (citing *Kerry Steel, Inc.*, 106 F.3d at 149); *see also CompuServe, Inc.*, 89 F.3d at 1267 ("If a defendant's contacts with the forum state are related to the operative facts of the controversy, then an action will be deemed to have arisen from those contacts."); *Global Force Entm't*, 385 F. Supp. 3d at 581 ("Minimum contacts exist where a defendant purposefully avails itself of the privilege of conducting activities within the forum state."); *Dunn*, 2017 WL 2312900, at *3 ("specific personal jurisdiction may be found when a defendant purposely directs his activities toward citizens of the forum state and litigation results from injuries arising out of or relating to those activities"); *Wolper v. Hotel Europe*, No. 3:07CV1948, 2008 WL 2497471, at *5 (N.D. Ohio June 18, 2008) ("specific jurisdiction only requires that the conduct giving rise to the present litigation have a connection to [the forum state]"). "Physical presence is not the touchstone of personal jurisdiction." *Neal*, 270 F.3d at 331.

This prong is satisfied here. Defendant Chevrette's alleged contacts with Tennessee were kickback payments that were part and parcel of the scheme alleged in the Complaint. The payment contacts are "related to the operative facts of the controversy," and the "arise from" prong of the test is satisfied. *See CompuServe, Inc.*, 89 F.3d at 1267.

9

### C. This Court's exercise of jurisdiction would be reasonable.

If the Court finds "the first two elements of a prima facie case—purposeful availment and a cause of action arising from the defendant's contacts with the forum state—then an inference arises that this third factor is also present." *Id.* at 1268. "A court must consider several factors in this context, including 'the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies.'" *Id.* (quoting *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169-70 (6th Cir. 1988)).

Because Plaintiff has shown a prima facie case for the first two elements, there is an inference in this case that the Court's exercise of personal jurisdiction over Defendant Chevrette would be reasonable. A balancing of the factors only confirms that inference. Although there may be some burden on a defendant when litigating a case in another state's court, that burden has been eased by "modern transportation and communication," and in this case "appears to be no greater than the burden would be on plaintiff to litigate in" his home state of North Carolina. *Integrated Mach., Inc.*, 2024 WL 3046316, at *7 (quoting *Ardent Techs. Inc. v. Advent Servs. LLC*, 2023 WL 5588547, at *8 (S.D. Ohio Aug. 29, 2023); *Nationwide Mut. Ins. Co. v. Curry*, 1997 WL 165374, at *6 (S.D. Ohio Jan. 7, 1997)). Moreover, "this case clearly implicates [Plaintiff's] business interests and [Tennessee] possesses an undeniable stake in protecting the business interests of its citizens." *Id.* (quoting *Ardent Techs. Inc.,* 2023 WL 5588547, at *8).

### IV. CONCLUSION

Plaintiff has made a prima facie case for the Court's specific jurisdiction over Defendant Chevrette. For the reasons stated above, Defendant Chevrette's Motion to Dismiss pursuant to Rule 12(b)(2) should be denied. Alternatively, Plaintiff requests the opportunity to take

jurisdictional discovery to better define Defendant Chevrette's role in the scheme and conspiracy alleged in the Complaint.

Dated: March 3, 2025

>Respectfully submitted,
>
>/s/     *Todd E. Panther*
>Todd E. Panther (BPR #014438)
>Christopher C. Sabis (BPR #030032)
>Thomas B. Hall (BPR #036816)
>SHERRARD ROE VOIGT & HARBISON, PLC
>1600 West End Avenue, Suite 1750
>Nashville, TN  37203
>(615) 742-4200 - telephone
>(615) 742-4539 - fax
>tpanther@srvhlaw.com
>csabis@srvhlaw.com
>thall@srvhlaw.com
>
>*Attorneys for Franklin Construction Group, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 3rd day of March 2025, Plaintiff's Response in Opposition to Defendant Chevrette's Motion to Dismiss was filed electronically with the Clerk of Court to be served by the Court's electronic filing system upon the parties in this matter.

      Scarlett Singleton Nokes
      **Sheppard Mullin**
      2200 Ross Avenue, Suite Floor 20
      Dallas, Texas 75201
      469-391-7411
      snokes@bradley.com

      R. Brandon Bundron
      **Bradley Arant Boult Cummings LLP**
      1221 Broadway, Suite 2400
      Nashville, Tennessee 372023
      snokes@bradley.com
      bbundren@bradley.com

      *Attorneys for Dean Bingham*

      Don L. Hearn, Jr.
      **Glankler Brown PLLC**
      6000 Poplar Avenue, Suite 400
      Memphis, Tennessee 38119
      dhearn@glankler.com
      na@rpnalaw.com

      Nicholas P. Roxborough
      Joseph C. Gjonola
      Nadine Alsaadi
      **Roxborough, Pomerance, NYE & Adreani, LLP**
      5900 Canoga Avenue, Suite 450
      Woodland Hills, California 91467
      npr@rpnalaw.com
      jcg@rpnalaw.com
      na@rpnalaw.com

      *Attorneys for Joseph Heath*

Darrick Lee O'Dell
**Spicer Rudstrom, PLLC**
220 Athens Way, Suite 403
Nashville, Tennessee 37228
dodell@spicerfirm.com

Nicholas C. Stevens
Robert J. Uhorchuk
**Spicer Rudstrom, PLLC**
537 Market Street, Suite 203
Chattanooga, Tennessee 37402
nstevens@spicerfirm.com
rju@spicerfirm.com

*Attorneys for Lundon Johnson, Joel Chevrette and Danny Knowles*


Gary C. Shockley
Ryan P. Loofbourrow
Scott D. Carey
**Baker, Donelson, Bearman, Caldwell & Berkowitz, PC**
1600 West End Avenue, Suite 2000
Nashville, TN 37203
gshockley@bakerdonelson.com
rloofbourrow@bakerdonelson.com
scarey@bakerdonelson.com

*Attorneys for Lowe's Home Centers, Inc.*


Jerry E. Martin
Matthew Edward McGraw
Seth Marcus Hyatt
**Barret Johnston Martin & Garrison, LLC**
200 31st Avenue North
Nashville, TN 37203
jmartin@barrettjohnston.com
mmcgraw@barrettjohnston.com
shyatt@barrettjohnston.com

*Attorneys for Keith Meadows and HYDS, Inc.*


                                              */s/ Todd E. Panther*
                                              Todd E. Panther