IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FRANKLIN CONSTRUCTION GROUP, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) CASE NO. 3:24-cv-01255 |
| WILLIAM SHORE, JWSC, LLC, KEITH | ) |
| MEADOWS, JOSEPH HEATH, HYDS INC., | ) District Judge Crenshaw |
| DEAN BINGHAM, LUNDON JOHNSON, | ) Magistrate Judge Frensley |
| TYLER WEBER, JOEL CHEVRETTE, | ) |
| DANNY KNOWLES, SCOTT MATTHEWS, | ) |
| and LOWE'S HOME CENTERS, INC., | ) |
| | ) |
| Defendants | |

**DEFENDANT JOSEPH HEATH'S REPLY IN SUPPORT OF MOTION TO DISMISS**

# ARGUMENT

Defendant Heath's motion argued in detail how Plaintiff failed to plead a RICO violation under 18 U.S.C. § 1962, common law fraud, conversion or the Tennessee Consumer Protection Act ("TCPA") violation. In Response, Plaintiff, Franklin Construction Group, LLC ("FCG" or "Plaintiff") fell-back on the liberal pleading standard as its only argument against dismissal. Plaintiff did not dispute Heath's presentation of the law or its application to the Complaint. Nor did Plaintiff argue that it could augment the Complaint with satisfactory allegations if given leave to amend. Plaintiff has nothing but inference and innuendo connecting Heath to Lowe's. FCG's theories sound in fraud, but its weak allegations lack the particularity required by the heighted pleading standard of Rule 9(b). (See ECF. No. 75 at p. 7-8). Rule 8's lenient pleading standard on which Plaintiff's Response entirely relies, is inapplicable, making dismissal appropriate.

Moreover, though Rule 8 is "lenient," it still obligates the plaintiff to plead "sufficient factual material" to support its legal claims. *Hill v. Lapin*, 630 F.3d 468, 471 (6th Cir. 2010) *(*quoting *Iqbal*, 556 U.S. at 677). The Court need not accept "unwarranted factual inferences," which is all FCG has provided. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). FCG wants this Court to infer the existence of a RICO enterprise based upon nothing more than (1) one statement on a company website that described a normal business relationship, (2) an introduction made by HYDS to a Lowe's employee, **9-plus months *before*** the "conspiracy" allegedly started, and (3) two allegedly "marked up" purchase orders, bereft of specifics. Even under the most lenient pleading standard, Plaintiff failed to satisfy its burden, and Plaintiff's Response failed to establish any hope of a satisfactory amendment.

## I. Plaintiff's Arguments in Support of its RICO Claims All Lack Merit.

First, Plaintiff has failed to identify any facts from which the Court could reasonably infer that Heath and the Lowe's Defendants were linked in a criminal enterprise. Heath addresses this issue in its principal brief, (*see* ECF. No. 75 at 5-7). In opposition, FCG argues that Heath and Defendants enriched themselves. However, nowhere in the Complaint does FCG allege that Heath

financially benefitted from any of the alleged misconduct, or even made payments to Shore. The Complaint alleges that all payments to Shore were made by Meadows or HYDS, not Heath.

Furthermore, Plaintiff's allegations are threadbare. If there really was an enterprise, who was in charge of it? How were decisions made? How were they communicated? The complaint is silent. Plaintiff cannot allege an "enterprise in fact" without alleging any of the "facts" that establish its existence. Contrary to Plaintiff's assertions, these are not details that can be fleshed out through discovery. Plaintiff has simply failed to allege the fundamental elements of an enterprise, and thus has not met the requirements for pleading a RICO violation.

Plaintiff's Response also fails to address, much less refute, Heath's argument that the few paragraphs in the Complaint that concern a possible "enterprise" are vague, implausible, and self-contradictory. The paragraphs at issue are ¶¶ 73, 74, 102. Plaintiff's Response fails to identify any other paragraphs that support its claim of an enterprise between Lowe's, Heath, and Shore. (ECF. No. 93 at p. 5-7). Taking these paragraphs together and drawing all reasonable inferences in FCG's favor, there is still no plausible enterprise there.

Paragraph 73 of the complaint simply notes that Lowe's is listed as a "big box partner" of HYDS on HYDS' website. HYDS is in the business of sourcing and supplying materials for construction projects, so there is nothing unusual about it having a business relationship with one of the two largest home supply companies in the country. It certainly does not suggest a criminal enterprise, or a conspiracy between HYDS and Lowe's.

Paragraph 74 describes a December 9, 2020 email from Heath, introducing Mr. Shore to Dean Bingham of Lowe's. (ECF. 93 at p.2). Heath argued that this email is not evidence of Lowe's "join[ing] the scheme," (ECF No. 1 at 15, heading C), because, as Plaintiff alleges elsewhere in the Complaint, the "scheme" began in or around September of 2021—more **than nine months later**. (ECF No. 1 at ¶ 37). Thus, there was nothing for Lowe's to join when it received Heath's email on December 9, 2020. Plaintiff's Response did not even attempt to address this contradiction.

Finally, Plaintiff's Response points to paragraph 102—the only paragraph in the complaint that attempts to link HYDS and Lowe's together in racketeering activity (as compared to normal

business relationships). (ECF. 93 at p. 12). This paragraph purports to show two specific examples where HYDS sourced materials through Lowe's, rather than supplying the materials itself, just so that both could mark them up. Neither example actually supports Plaintiff's position. The first example is illogical, as under Plaintiff's own math, HYDS would have *lost money* by marking up the light fixtures and then paying Shore the alleged kickback. Plaintiff's Response offered no explanation, and the Court cannot reasonably infer a scheme to defraud the Plaintiff or enrich the Defendants based on a contradictory allegation.

The second example in paragraph 102 is similarly flawed, as it provides no information at all about the alleged markup. FCG simply declares that Lowe's sent Health a quote for "Franklin's sinks" and that HYDS "marked up" the price again before sending it on to FCG. Conspicuously absent is any information on what this markup was, how this price compared to the "market price," who marked it up, when it was sent to FCG, or even whether FCG paid it. Plaintiff's Response again did not attempt to defend this example on the merits. It notes, yet again, that Rule 8 provides a liberal pleading standard. This is not sufficient to establish a criminal enterprise under RICO.

Even drawing all reasonable inferences in FCG's favor, none of the alleged facts plausibly link Heath and Lowe's Defendants into any overarching RICO enterprise or pattern of misconduct. FCG's RICO claims (Counts I and II) therefore fail as a matter of law and must be dismissed.

## II. Plaintiff's Arguments Regarding its State Law Claims Also Lack Merit.

Once Plaintiff's RICO claims are dismissed, there will no longer be subject matter jurisdiction over any of Plaintiff's state law claims, (*see* ECF No. 75 at p. 11), so there is no need to re-visit Plaintiff's state law arguments at any length. However, in the event this Court chooses to retain jurisdiction over any of these claims, it is worth noting that Plaintiff's Response fails to address many of the substantive arguments Heath raised in his motion to dismiss.

### a. Plaintiff's Arguments in Support of its Fraud Allegations Lack Merit

Plaintiff's argument that Heath's failure to file a motion under Rule 12(e) for a more definite statement is unsupported. Plaintiff relies on *Legge v. Wagner*, 7 F.3d 234 6th Cir. 1993; however, the issue was different in *Legge*: whether it was appropriate for the Court to dismiss a

4

claim for failure to satisfy Rule 9(b)ruling on a motion for summary judgment, when plaintiff did not have notice that the Court was considering such an argument.

Plaintiff failed to identify any specific statement, representation or example that Heath engaged in any unlawful conduct, without which, FCG's claim fails under both Rule 12(b)(6) and Rule 9(b). FCG responded by identifying purported examples of Heath's "involvement in this illegal scheme," (ECF. No. 93 at p. 11-12). In all of the examples including FCG's footnote 4, FCG failed to allege that Heath made a payment to Shore. The alleged payment details and invoices mention Meadows or HYDS as the payors, without referencing Heath. (*Id.*) Critically, FCG failed to identify any fraudulent misrepresentations by Heath, which is what the law actually requires.

### b. **Plaintiff's Arguments in Support of its Conversion Claim are Insufficient**

Plaintiff did not respond to Heath's argument that Plaintiff's conversion claim sounds in fraud, and was thus insufficiently plead. Plaintiff failed to show that Heath was at all linked to any alleged kickbacks, let alone any exact amounts paid or received by Heath. Plaintiff did not allege how Heath "caused" the invoices to be submitted to FCG. Likewise, the Complaint did not explain how Heath "intentionally exercised dominion and control over" FCG's money (ECF No. 1 ¶ 181).

### c. **Plaintiff's Arguments in Support of its TCPA Claim Lack Merit**

FCG's complaint provides no factual support for its conclusory allegation that Heath willfully misrepresented the source of installation services or made any representation "that these services would be provided independently." (ECF No. 1 ¶ 170). In its response, FCG reiterated the allegation against Meadows and HYDS, that they "represented that these services were provided independently" (ECF No. 92 at 16), but FCG still failed to support this statement with facts.

## CONCLUSION

For all of the reasons set forth here and in Heath's initial memorandum in support of its motion to dismiss, Plaintiff's RICO claims must be dismissed, along with Plaintiff's state law claims, for failing to satisfy Rule 9's pleading standard. Plaintiff has equally failed to demonstrate that it could satisfy the pleading standard, making leave to amend unnecessary.

Respectfully submitted,

/s/ Don L. Hearn, Jr.
Don L. Hearn, Jr. (#022837)
GLANKLER BROWN, PLLC
6000 Poplar Avenue, Suite 400
Memphis, Tennessee 38119
Tel: (901) 525-3122
Fax: (901) 525-2389
dhearn@glankler.com

Nicholas P. Roxborough (SBN 113540)
Joseph C. Gjonola (SBN 241955)
Nadine Alsaadi (SBN 339899)
ROXBOROUGH, POMERANCE, NYE &
ADREANI, LLP
5900 Canoga Avenue, Suite 450
Woodland Hills, California 91367
Tel: (818) 992-9999
Fax: (818) 992-9991
npr@rpnalaw.com
jcg@rpnalaw.com
na@rpnalaw.com

*Attorneys for Defendant, Joseph Heath*

# CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of March, 2025, a true and correct copy of the foregoing was electronically served via the Court's CM/ECF system on the following:

Todd E. Panther
Christopher C. Sabis
Thomas B. Hall
SHERRARD ROE VOIGT
& HARBISON, PLC
1600 West End Avenue, Suite 1750
Nashville, TN 37203
panther@srvhlaw.com
csabis@srvhlaw.com
thall@srvhlaw.com
*Attorneys for Plaintiff*

Darrick Lee O'Dell
SPICER RUDSTROM, PLLC
220 Athens Way, Suite 405
Nashville, TN 37228
dodell@spicerfirm.com

Nicholas C. Stevens
Robert J. Uhorchuk
SPICER RUDSTROM, PLLC
537 Market Street, Suite 203
Chattanooga, TN 37402
nstevens@spicerfirm.com
rju@spicerfirm.com
*Attorneys for Defendants, Lundon Johnson, Joel Chevrette, and Danny Knowles*

Matthew E. McGraw
Seth M. Hyatt
Jerry E. Martin
BARRETT JOHNSTON MARTIN & GARRISON, PLLC
200 31st Avenue N.
Nashville, TN 37203
mmcgraw@barrettjohnston.com
shyatt@barrettjohnston.com
jmartin@barrettjohnston.com
*Attorneys for Defendants, HYDS, Inc. and Keith Meadows*

Gary C. Shockley
Scott D. Carey
Ryan P. Loofbourrow
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
gshockley@bakerdonelson.com
scarey@bakerdonelson.com
rloofbourrow@bakerdonelson.com
*Attorneys for Defendant, Lowe's Home Centers, Inc.*

R. Brandon Bundren
Brooke Elizabeth Sgambati
BRADLEY ARANT BOULT CUMMINGS
1221 Broadway, Suite 2400
Nashville, TN 37203
bbundren@bradley.com
bsgambati@bradley.com

Scarlett Singleton Nokes
SHEPPARD MULLIN
2200 Ross Avenue, Floor 20
Dallas, TX 75201
snokes@bradley.com
*Attorneys for Defendant, Dean Bingham*

/s/ Don L. Hearn, Jr.
Don L. Hearn, Jr.

4901-3877-0734, v. 2