IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FRANKLIN CONSTRUCTION GROUP, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CASE NO. 3:24-cv-01255 |
| WILLIAM SHORE, JWSC, LLC, KEITH | ) |
| MEADOWS, JOSEPH HEATH, HYDS INC., | ) District Judge Crenshaw |
| DEAN BINGHAM, LUNDON JOHNSON, | ) Magistrate Judge Frensley |
| TYLER WEBER, JOEL CHEVRETTE, | ) |
| DANNY KNOWLES, SCOTT MATTHEWS, | ) |
| and LOWE'S HOME CENTERS, INC., | ) |
| | ) |
| Defendants | ) |

**DEFENDANT KEITH MEADOWS' AND DEFENDANT HYDS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS**

In its Response (ECF No. 92) to HYDS, Inc. and Keith Meadows' (collectively "HYDS") Motion to Dismiss, Plaintiff Franklin Construction Group, LLC ("FCG") does not engage with HYDS' primary arguments, electing instead to repetitively argue that its claims are saved by Rule 8's liberal pleading standard.[1] FCG, unwilling to forego the potential benefits of statutory damages or joint and several liability that come with a RICO claim, clings to Rule 8's lenient pleading standard because it cannot point to specific and sufficient facts establishing how the distinct and separate HYDS Defendants and Lowe's Defendants either operated in combination as an enterprise or perpetrated a continuing pattern of racketeering activity—both required elements under RICO. Plaintiff's failure to grapple with these missing details in its Complaint is fatal.

Rule 8 is designed to be lenient, but it still obligates the plaintiff to plead "sufficient factual material" to support its claims. *Hill v. Lapin*, 630 F.3d 468, 471 (6th Cir. 2010) *(quoting Ashcroft v. Iqbal*, 556 U.S. 662 at 677 (2009)). The Court need not accept "unwarranted factual inferences," which is all FCG has provided. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Specifically, FCG wants this Court to **infer** the existence of a RICO enterprise based on one innocuous statement on a company website, an introduction made by HYDS to a Lowe's employee 9-plus months **before** FCG alleges the conspiracy started, and two "marked up" purchase orders: one that contains no details, and one purports to show HYDS nonsensically making **less** profit than it would absent the alleged markup. This is not the stuff of valid RICO claims, even when viewed through a Rule 8 lens. Plaintiff's Complaint fails to satisfy its burden, and Plaintiff's Response fails to articulate any sound reason for this Court to deny HYDS' Motion to Dismiss.

---

[1] FCG is actually required to meet the heighted pleading standard of Rule 9(b) for those allegations it has made that sound in fraud. (*See* ECF. No. 79 at 5).

1

# ARGUMENT

I. **Plaintiff's Arguments Regarding its RICO Claims All Lack Merit.**

First, Plaintiff has failed to identify any facts from which the Court could reasonably infer that HYDS and the Lowe's Defendants were linked in a RICO enterprise. HYDS addresses this issue at length in its principal brief, (*see* ECF. No. 79 at 7-11), but rather than engage, FCG tries to delay, arguing that this is a fact dispute that HYDS can "argue at summary judgment." (ECF. No. 92 at 7). Plaintiff is mistaken. The issue here is not one of dueling facts but Plaintiff's threadbare allegations. If there really was an enterprise here, who was in charge of it? How were decisions made? How were they communicated? The Complaint is silent. Contrary to Plaintiff's assertions, these are not just details that can be fleshed out through discovery.[2] Plaintiff has simply failed to allege these fundamental elements.

Plaintiff's Response also fails to address, much less refute, HYDS' argument that the few paragraphs in the complaint that do speak to a possible "enterprise" are vague, implausible, and self-contradictory. The paragraphs at issue are ¶¶ 73, 74, 102. Plaintiff's Response fails to identify any other paragraphs that support its claim of an enterprise between Lowe's, HYDS, and Shore. (ECF. No. 92 at 7). Taking these paragraphs together and drawing all reasonable inferences in FCG's favor, there is still no plausible enterprise here.

Paragraph 73 of the complaint simply notes that Lowe's is listed as a "big box partner" of HYDS on HYDS' website. (ECF. 92 at 7). HYDS is in the business of sourcing and supplying

---

[2] Plaintiff cites *Rotella v. Wood* for the proposition that plaintiffs should have flexibility in a RICO case to base pleadings "on evidence reasonably anticipated after further investigation and discovery." (ECF No. 92 at 5) (quoting *Rotella v. Wood*, 528 U.S. 549, 560 (2000)). In *Rotella*, the Court was speaking about the potential relaxation of Rule 9(b)'s requirement that fraud be pled with particularity. The Court was certainly not endorsing the view—now apparently advanced by FCG—that a plaintiff can file a facially deficient complaint relying on evidence "anticipated" to arise from the discovery process and survive a Rule 12(b)(6) challenge.

materials for construction projects, so there is nothing unusual about it having a business relationship with one of the two largest home supply companies in the country. It certainly does not suggest a criminal enterprise or conspiracy.

Paragraph 74 describes a December 9, 2020 email from HYDS representative Joseph Heath, introducing Mr. Shore to Dean Bingham of Lowe's. (ECF. 92 at 7-8). HYDS has already pointed out that this email cannot possibly be evidence of Lowe's "join[ing] the scheme," (ECF No. 1 at 15, heading C), as Plaintiff alleges elsewhere in the complaint that the conspiracy started in or around September of 2021—more than **nine months later**. (ECF No. 1 at ¶ 37). Plaintiff's Response does not even attempt to address this contradiction.

Finally, Plaintiff's Response points to paragraph 102—the only paragraph in the complaint that attempts to link HYDS and Lowe's together in actual racketeering activity. (ECF. 92 at 7-8). This paragraph purports to show two specific examples where HYDS sourced materials through Lowe's, rather than supplying the materials itself, just so that both groups could mark them up. Neither example actually supports Plaintiff's position. As HYDS has already noted, the first example is illogical, as under Plaintiff's own math, HYDS would have *lost money* by marking up these light fixtures and then paying Shore the alleged kickback in the way Plaintiff claims. (ECF. No. 79 at 10-11). Plaintiff's Response offers no explanation or clarity.

The second example in paragraph 102 is similarly flawed, as it provides no information at all about the alleged markup. FCG simply declares that Lowe's sent HYDS representative Health a quote for "Franklin's sinks" and that HYDS "marked up" the price again before sending it on to FCG. Conspicuously absent is any information on what this markup was, how this price compared to the "market price," who marked it up, when it was sent to FCG, or even whether FCG paid it.

3

(ECF No. 1 at ¶ 37).  Plaintiff's Response does not even attempt to defend this example on the merits.  It simply notes, yet again, that Rule 8 provides a liberal pleading standard.

The second, related, deficiency in Plaintiff's complaint is that it fails to plead the required element of a **pattern** of racketeering activity, which generally involves allegations of misconduct against more than one victim.  (ECF No. 79 at 12) (citing cases).  Plaintiff counters that no such requirement exists, (ECF No. 92 at 10, citing *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1110-11 (6th Cir. 1995)), and HYDS agrees that the number of alleged victims is not always dipositive.  But it is a relevant factor.  In the *Tatum* case, the Sixth Circuit found sufficient allegations to establish a pattern because "the limited number of victims" alleged was "more than balanced by the strength presented in other areas."  *Tatum*, 58 F.3d at 1111.  The "other areas" the court considered were the duration of the racketeering activity, the number of different schemes, the number of predicate acts within each scheme, the variety of predicate acts, the distinct types of injuries, and the number of perpetrators.  *Id*. at 1110.  Here, there are no countervailing strengths to balance out the "limited number of victims," making the situation far more analogous to that addressed by the D.C. Circuit in *Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1265 (D.C. Cir. 1995) ("[T]he combination of these factors (single scheme, single injury, and few victims) makes it virtually impossible for plaintiffs to state a RICO claim.").

Even drawing all reasonable inferences in FCG's favor, none of the misconduct it alleges can plausibly link HYDS and the Lowe's Defendants into any overarching RICO enterprise or pattern of misconduct.  FCG's RICO claims therefore fail as a matter of law and must be dismissed.

## II.     Plaintiff's Arguments Regarding its State Law Claims Also Lack Merit.

Once Plaintiff's RICO claims are dismissed, there will no longer be subject matter jurisdiction over any of Plaintiff's state law claims, (*see* ECF No. 79 at 14-18), so there is no need

to re-visit Plaintiff's state law arguments at any length. However, in the event this Court chooses to retain jurisdiction over any of these claims, it is worth noting that Plaintiff's Response fails to even address many of the substantive arguments HYDS has raised in its motion to dismiss. For example:

- **With respect to the civil conspiracy claim**: FCG fails to plead any "common design or understanding" necessary to support this claim. (ECF. No. 79 at 19). FCG responds with the conclusory statement that defendants "worked together" to pay kickbacks to Mr. Shore, but fails to identify any factual statements from its complaint to support this conclusion that HYDS and Lowe's worked together. (ECF. No. 92 at 13).

- **With respect to the TCPA claim**: FCG's complaint provides no factual support for its conclusory allegation that any HYDS defendant willfully misrepresented the source of installation services or made any representation "that these services would be provided independently." (ECF. No. 79 at 20) (quoting ECF No. 1 ¶ 170). In its response, FCG doubles down on the claim that Meadows and HYDS "represented that these services were provided independently" (ECF No. 92 at 16) but still fails to support this statement with any actual facts.

- **With respect to the common-law fraud claim**: Similar to the TCPA claim, FCG fails to identify any specific statement or representation made by HYDS that it was "supplying labor and materials to FCG's construction projects at competitive prices" and that without identifying such a statement or representation, FCG's claim fails under both Rule 12(b)(6) and Rule 9(b). (ECF. No 79 at 22) (quoting ECF No. 1 ¶ 158). FCG responds by identifying purported examples of HYDS' "involvement in this illegal scheme," (ECF. No. 92 at 13-14), but it still fails to identify *any* fraudulent misrepresentations.

For all of these reasons FCG's RICO claims must be dismissed with prejudice. Because those RICO claims are the only claims conferring subject matter jurisdiction on this Court, all remaining claims should be dismissed for lack of jurisdiction. In the alternative, should this Court exercise supplemental jurisdiction over FCG's state law claims even after the RICO claims are dismissed, those claims should also be dismissed for failing to satisfy Rule 8's lenient pleading standard.

Date: March 24, 2025                                 Respectfully submitted,

                                                     /s/ Jerry E. Martin
                                                     Jerry E. Martin (TNBPR No. 020193)

Seth M. Hyatt (TNBPR No. 031171)  
Matthew E. McGraw (TNBPR No. 032257)  
Barrett Johnston Martin  
   & Garrison, PLLC  
200 31st Ave. N.  
Nashville, TN 37203  
T: (615) 244-2202  
F: (615) 252-3797  
jmartin@barrettjohnston.com  
shyatt@barrettjohnston.com  
mmcgraw@barrettjohnston.com  

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2025, the foregoing *Reply in Support of Motion to Dismiss* was served through the Court's CM/ECF system, which will provide notice to the following counsel of record in this case.

**Christopher C. Sabis**
**Thomas Hall**
**Todd E. Panther**
Sherrard Roe Voigt & Harbison, PLC
1600 West End Avenue
Suite 1750
Nashville, TN 37203
615-850-6822
csabis@srvhlaw.com
thall@srvhlaw.com
tpanther@srvhlaw.com

*Attorneys for Plaintiff Franklin Construction Group, LLC*

**Don L. Hearn, Jr.**
Glankler Brown, PLLC
6000 Poplar Avenue
Suite 400
Memphis, TN 38119
(901) 576-1767
Fax: (901) 525-2389
Email: dhearn@glankler.com

**Joseph C. Gjonola**
**Nicholas P. Roxborough**

6

Case 3:24-cv-01255    Document 111    Filed 03/24/25    Page 7 of 9 PageID #: 944

**Nadine Alsaadi**
Roxborough Pomerance Nye & Adreani LLP
5900 Canoga Avenue
Suite 450
Woodland Hills, CA 91367
818-992-9999
Fax: 818-992-9991
jcg@rpnalaw.com
na@rpnalaw.com
npr@rpnalaw.com

*Attorneys for Defendants Keither Meadows, HYDS, Inc., and Joseph Health*

**R. Brandon Bundren**
Bradley Arant Boult Cummings
1221 Broadway
Ste 2400
Nashville, TN 37203
615-252-4647
Fax: 615-248-3047
bbundren@bradley.com

**Scarlett Singleton Nokes**
Sheppard Mullin (Dallas, TX)
2200 Ross Avenue
Ste Floor 20
Dallas, TX 75201
469-391-7411
snokes@bradley.com

*Counsel for Defendant Dean Bingham*

**Darrick Lee O'Dell**
Spicer Rudstrom, PLLC
220 Athens Way
Suite 405
Nashville, TN 37228
(615) 259-9080
Fax: (615) 259-1522
dodell@spicerfirm.com

**Nicholas C. Stevens**
**Robert J. Uhorchuk**
Spicer Rudstrom, PLLC
537 Market Street
Suite 203

Chattanooga, TN 37402
423-756-0262
Fax: 423-756-8489
nstevens@spicerfirm.com
rju@spicerfirm.com

*Counsel for Defendants Ludon Johnson, Joel Chevrette, and Danny Knowles*

**Gary C. Shockley**
**Ryan P. Loofbourrow**
**Scott D. Carey**
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
1600 West End Avenue
Suite 2000
Nashville, TN 37203
(615) 726-5600
gshockley@bakerdonelson.com
rloofbourrow@bakerdonelson.com
scarey@bakerdonelson.com

*Counsel for Defendant Lowe's Home Center, Inc.*

/s/ Jerry E. Martin
Jerry E. Martin
Barrett Johnston Martin & Garrison, PLLC