IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FRANKLIN CONSTRUCTION GROUP, LLC, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:24-cv-01255 |
| WILLIAM SHORE, JWSC, LLC, KEITHER ) | JURY DEMAND |
| MEADOWS, JOSEPH HEATH, HYDS INC., ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Default Judgment as to William Shore ("Shore") and JWSC, LLC ("JWSC") pursuant to Federal Rules of Civil Procedure 55(b). Docket No. 137. Plaintiffs have filed a supporting memorandum of law (Docket No. 138-1, p. 1) along with a supporting declaration (Docket No. 138-1, p. 5). For the reasons stated herein, the undersigned recommends that the Plaintiff's Motion for Default Judgment (Docket No. 137) be GRANTED.

The Complaint in this action was filed on October 21, 2024. Docket No. 1. The Defendants against whom the Plaintiffs seek a default judgment have not answered or otherwise responded to the Complaint in this matter. On January 22, 2025, the Clerk of Court entered a default against Defendants Shore and JWSC. Docket No. 81.

Following a clerk's entry of default under Fed. R. Civ. P. 55(a), a plaintiff may request default judgment and award damages under Rule 55(b). Federal Rules of Civil Procedure 55(a)-(b). In a multi-defendant litigation, the preferred practice is to postpone entry of the default judgment until the claims against all non-defaulted defendants are adjudicated on the merits. *See*

Fed. R. Civ. P. 54(b) (allowing entry of default judgment against fewer than all parties "only if the Court expressly determines there is no just reason for delay"); *Driver v. Fabish*, 2017 WL 413719, at *2 (M.D. Tenn. January 31, 2017, *accepted*, 2017 WL 998071 (M. D. Tenn. March 15, 2017) (*citing Frow v. De La Vega*, 82 US 552, 554 (1872); *Northland Ins. Co. v. Cailu Title Corp.*, 204 F. R. D. 327, 330 (W. D. Mich. 2000)); *Thorburn v. Fish*, 2014 WL 6871535, at *2 (M. D. Tenn. December 5, 2014) (*quoting Corrosioneering, Inc. v. Thyssen Evntl. Sys., Inc.*, 807 F 2d 1279, 1282 (6th Cir. 1986)) (noting that entry of default judgment when other claims remain pending is appropriate "only in the infrequent harsh case as an instrument for the improved administration of justice"). This "preferred practice" is based on the desire to avoid inconsistent decisions for jointly and severally liable defendants. *See e.g., United States ex rel Hudson v. Peerless Insurance Company*, 374 F. 2d 942, 943-45 (4th Cir. 1967) (finding that preventing inconsistent judgments for jointly and severally liable Defendants is a "just reason" for delaying the entry of a default judgment). In addition to inconsistent judgments, the desire to avoid piecemeal appeals further supports waiting for entry of default judgments against defaulted Defendants. *See Lefever v. Ferguson*, 567 Fed. Appx. 426, 432 (6th Cir. 2014).

At the time Plaintiff's Motion for Default Judgment (Docket No. 137) was filed, on August 7, 2025, Defendants Keither Meadows, Joseph Heath, and HYDS, Inc. were not in default and were still energetically defending the action. *See* Docket No. 136-1. However, on September 29, 2025, Plaintiffs and Defendants Keither Meadows, Joseph Heath, and HYDS, Inc. filed a Stipulation of Dismissal with Prejudice, specifically stipulating that "all claims, causes of action, and requests for relief by Franklin Construction Group, LLC against Keith Meadows, Joseph Heath, and HYDS, Inc. shall be dismissed with prejudice pursuant to a confidential settlement agreement. All claims, causes of action, and requests for relief by Franklin Construction Group,

LLC against William Shore and JWSC, LLC are hereby reserved." Docket No. 143, p. 1. Thus, we proceed absent any concerns for the formerly non-defaulted Defendants, as the Defendants against whom the Plaintiff seeks a default judgment are the only remaining Defendants party to this action.

The Complaint in this action was filed on October 21, 2024. Docket No. 1. Defendants Shore and JWSC were each served with a Summons and Complaint on November 7, 2024. Docket Nos. 33, 36. Defendants Shore and JWSC have not answered or otherwise responded to the Complaint in this matter. On January 22, 2025, the Clerk of Court entered a default against Defendants Shore and JWSC. Docket No. 81. Having considered the application and the record in this case, the undersigned recommends that the Motion for Default Judgment be **GRANTED**.

The undersigned further finds as follows:

1. Defendants Shore and JWSC were served process on November 7, 2024, via direct delivery. Docket Nos. 33, 36.
2. Defendants Shore and JWSC failed to respond or otherwise defend the allegations in the Complaint.
3. The Clerk has made an Entry of Default against Defendants Shore and JWSC on Plaintiff's motion on January 22, 2025. Docket No. 81.
4. Defendants Shore and JWSC are jointly and severally liable to Plaintiffs for all of the causes of action set forth in Plaintiffs' Complaint, and Plaintiffs are entitled to a default judgment against these Defendants.
5. The amount of damages are apparent and calculable. The damages are alleged in detail in the Complaint and attested to by the declaration of Ben Schadle, a member of Franklin Construction Group, LLC. Docket No. 138-1.

6. Plaintiff Franklin Construction Group, LLC is entitled to a joint and several judgment against Defendants Shore and JWSC in the amount of $24,892,407.57. The judgment in favor of Plaintiff Franklin Construction Group, LLC includes its purchases of supplies and materials, which, due to their alleged artificially inflated price, produced damages to Franklin Construction Group, LLC in the amount of $6,402,151.49. The judgment in favor of Franklin Construction Group, LLC also includes damages as a result of alleged fraud and misappropriation in the amount of $1,895,317.70. The total amount of actual damages allegedly attributable to Defendants Shore and JWSC is in the amount of $8,297,469.19. The judgment in favor of Plaintiff Franklin Construction Group, LLC in the amount of $24,892,407.57 reflects treble damages established by 18 U.S.C.A. § 1964(c).

7. The undersigned further recommends that all Writs and other process necessary to enforce the judgment herein shall issue in favor of the Plaintiffs.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**